Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
Maureen Harrington,
*as personal representative for the estate of Blaine Harrington III*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN HARRINGTON, *AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF BLAINE HARRINGTON III*,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK DUGAR, M.D. a MEDICAL CORPORATION,<br><br>Defendant. | Civil Action No. 2:22-cv-08230- HDV-E<br><br>**PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF OREN BRACHA** |

Plaintiff/counter-defendant Maureen Harrington ("Plaintiff"), as personal representative for the estate of Blaine Harrington III ("Harrington"), hereby files this motion to exclude and/or strike the report, opinion, and/or testimony of Oren

Bracha ("Bracha") as an expert in this lawsuit.

## INTRODUCTION

While Bracha is no doubt knowledgeable about intellectual property law, his expert report/opinion in this case (the first in which he has ever been proffered as an expert) is ***clearly*** and ***unequivocally*** improper. In a substantially similar case in the United States District Court for the District of New Mexico, in which the photographs at issue in each respective lawsuit are Harrington's, all parties opposite to Plaintiff are represented by the same counsel (Jeffery L. Squires, Esq.), and the claims/counterclaims/affirmative defenses are nearly identical, the Court excluded Bracha's report (Adler Medical, LLC et al v Harrington, 1:22-cv-00072). There is no conceivable reason for the Court to do any differently here. The Court should strike Bracha's report for the same reasons the District of New Mexico struck the report in Adler Medical et al. v. Harrington.

## BACKGROUND

1. On April 20, 2022, Mr. Harrington filed his Complaint [D.E. 1] in the United States District Court for the District of New Mexico, asserting a claim for copyright infringement against Defendant Deepak Dugar, M.D., A Medical Corporation ("Defendant") with respect to the display/publication of Mr. Harrington's photograph without license/authorization.

2. On November 8, 2022, the matter was transferred from the United

States District Court for the District of New Mexico to this Court. See D.E. 21.

3. On December 13, 2022, Defendant filed its Answer and Counterclaim, averring that Mr. Harrington is a 'copyright troll' who purposely lures innocent victims (such as Defendant) into downloading his photographs online so that he can later trap them with accusations of copyright infringement. See D.E. 36.

4. In addition to this matter, undersigned counsel's firm currently represents Plaintiff (Mr. Harrington's spouse who was appointed as the personal representative of his estate following his death in January 2023) in five other matters[1] pending before Judge Gonzales and Magistrate Judge Fashing in the United States District Court for the District of New Mexico in which the opposing party/parties is/are represented by Defendant's counsel, Jeffrey L. Squires, in which the claims and/or counterclaims made by Mr. Squires' clients are ***identical*** to those raised here.

5. In the Adler Case, the plaintiffs/counter-defendants proffered Bracha's August 23, 2022 "Expert Opinion Report On Behalf of Adler Medical, LLC, et al. v. Blaine Harrington III On the Subject of Copyright Misuse Law" (the

---

[1] The five other pending matters are: Harrington v. Hermosillo & Nunez of New Mexico LLC d/b/a Casa de Cambio La Mondeita (Case No. 1:22-cv-00451) (the "H&N Case"), Harrington v. 360 ABQ, LLC d/b/a 360 Ventures Real Estate (Case No. 1:22-cv-00063) (the "360 ABQ Case"), Harrington v. Blue Sky Capital, LLC (Case No. 1:22-cv-00534) (the "Blue Sky Case"), Harrington v. Luxury Home Broker ABQ, LLC et al (Case No. 1:22-cv-00689) (the "Luxury Home Broker Case"), and Adler Medical, LLC et al v Harrington (1:22-cv-00072) (the "Adler Case"). The five aforementioned cases, in addition to the case are bar, shall be referred to collectively as the "Harrington Cases").

"Report")[2] as support for their 'copyright misuse' allegations.

6. The docket entries and dates in this paragraph are all in reference to the Adler Case. On December 5, 2022, Mr. Harrington filed a Motion to Exclude Expert Report and Testimony of Oren Bracha (the "Motion to Exclude") [D.E. 79].[3] On December 27, 2022, the Adler Plaintiffs filed their Response in Opposition to Harrington's Motion to Exclude (the "Opposition to Motion to Exclude") [D.E. 82].[4] On January 3, 2023, Mr. Harrington filed his Reply to the Adler Plaintiffs' Opposition to Motion to Exclude (the "Reply to Plaintiffs' Opposition"), in addition to a Notice of Briefing Complete of Harrington's Motion to Exclude (the "Notice of Briefing Complete") [D.E. 83 and 84].[5]

7. Mr. Squires previously represented to undersigned counsel that he intended for Mr. Bracha to serve as his clients' expert witness in all the Harrington Cases (this one included).

8. For purposes of judicial efficiency, a Status Conference (the "Conference") was held by Magistrate Judge Fashing on all the Harrington Cases on July 18, 2023. At the Conference, Judge Fashing recommended that, should Mr. Bracha be disqualified as an expert in the Adler Case, a motion be filed in all the

---

[2] A true and correct copy of the Report is attached hereto as **Exhibit "A."**

[3] A true and correct copy of Harrington's Motion to Exclude is attached hereto as **Exhibit "B."**

[4] A true and correct copy of the Adler Plaintiffs' Opposition is attached hereto as **Exhibit "C."**

[5] A true and correct copy of the Reply to Plaintiffs' Opposition is attached hereto as **Exhibit "D."** A true and correct copy of the Notice of Briefing Complete is attached hereto as **Exhibit "E."**

New Mexico Harrington Cases, as to preserve each individual record, should either party want to file an appeal following judgment on a dispositive motion or trial. See generally D.E. 109.[6]

9. On July 20, 2023, Judge Gonzales issued a Memorandum Opinion and Order granting Harrington's Motion to Exclude (the "Order Granting the Motion to Exclude") [D.E. 111] in the Adler Case.[7]

10. On October 8, 2023, Plaintiff filed ***unopposed*** motions to exclude Bracha in the remainder of the New Mexico Harrington cases as Squires agreed that the same outcome in the Adler Case should be applicable to each of the other New Mexico cases. For reasons that only Defendant and Mr. Squires can explain, however, Mr. Squires did not agree to exclude Bracha's report in this case.

11. Plaintiff re-alleges and incorporates all the arguments made in the Adler Case in this matter.

## THE REPORT

12. In this case, Defendant served/disclosed the Report on September 30, 2022.[8] On July 20, 2023, Defendant re-confirmed that it intended to proffer Bracha as its expert. There is ***only one*** Report that Defendant has served to be utilized

[6] A true and correct copy of the Clerk's Minutes from the July 18, 2023 Conference is attached hereto as **Exhibit "F."**

[7] A true and correct copy of the Order Granting the Motion to Exclude is attached hereto as **Exhibit "G."**

[8] Mr. Squires sent an email to undersigned counsel stating, "Per our understanding, this Report is being served in connection with all the cases in which you have alleged infringement claims on behalf of Blaine Harrington … against parties I am representing."

across a total of *six* cases.

13. In short, Mr. Bracha is a law professor who purports to explain the law of 'copyright misuse' and/or 'copyright trolls' and, following such, purports to apply such law to Defendant's allegations (without any actual review of the facts) to conclude that Mr. Harrington was engaging in copyright misuse.

14. Mr. Bracha's report does not do anything unique in this case – it is the same report, based upon the same explanation/application of the law, based upon the same assumptions that everything Defendant alleges is true, that was proffered in the various New Mexico cases in which the Report was stricken and/or for which Mr. Squires has agreed to have stricken.

## ARGUMENT

### I. Legal Standard

"A district court has an obligation to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). "We recently acknowledged the district court's duty to 'act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.'" Messick v. Novartis Pharm. Corp., 747 F.3d 1193, 1197 (9th Cir. 2014) (quoting Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463 (9th Cir. 2014)). "Although Rule 702 should be applied with a 'liberal thrust' favoring admission,

*Daubert v. Merrell Dow Pharms., 509 U.S. 579, 588, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)*, it requires that '[e]xpert testimony . . . be both relevant and reliable.'" Id., at 1196. An opinion is "reliable" if the "reasoning or methodology of the expert is valid" and "properly can be applied to the facts in issue." United States v. Ruvalcaba-Garcia, 923 F.3d 1183, 1189 (9th Cir. 2019) (quoting Daubert, 509 U.S. at 592-93) (internal citations omitted). An opinion is relevant if "the evidence logically advance[s] a material aspect of the party's case." Id. at 1188 (internal citations omitted). "The burden is on the proponent of the expert testimony to show, by a preponderance of the evidence, that the admissibility requirements are satisfied." Stiner v. Brookdale Senior Living, Inc., No. 17-cv-03962-HSG, 2023 U.S. Dist. LEXIS 55876, at *16 (N.D. Cal. Mar. 30, 2023). The underlying basis for expert opinion must be of sufficient probative force and reliability that a reasonable expert could base an opinion on such facts. See Romero v. S. Schwab Co., No. 15-CV-815-GPC-MDD, 2017 U.S. Dist. LEXIS 196227, at 16–17 (S.D. Cal. Nov. 29, 2017); Fed. R. Evid. 703. Thus, admissible opinions must be based on "more than subjective belief or unsupported speculation." Howell v. Earl, No. CV 13-48-BU-DWM-JCL, 2014 U.S. Dist. LEXIS 80484, at *9 (D. Mont. June 10, 2014); Nelson v. Matrixx Initiatives, No. C 09-02904 WHA, 2012 U.S. Dist. LEXIS 118300, at *16 (N.D. Cal. Aug. 21, 2012).

Finally, the expert opinion ***must not*** invade the province of the jury or of the judge. United States v. Arreola-Armenta, Nos. 93-50231, 94-50209, 1996 U.S. App. LEXIS 33298, at * 2 (9th Cir. Dec. 19, 1996); see also In re Lithium Ion Batteries Antitrust Litig., No. 13-MD-2420 YGR, 2017 U.S. Dist. LEXIS 57340, at *70 (N.D. Cal. Apr. 12, 2017) ("Nor may an expert opine on questions which are matters of law for the court."). Further, "'instructing the jury as to the applicable law is the distinct and exclusive province of the court.'" Nationwide Transp. Fin. v. Cass Info. Sys., 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004)). "[W]hen an expert's opinion amounts to nothing more than an expression of his or her belief on how a case should be decided, it does not aid the jurors, it supplants them." Armstrong v. Harris, No. 2:15-cv-1090 MCE DB P, 2017 U.S. Dist. LEXIS 106298, at *56–57 (E.D. Cal. July 6, 2017); see also Lauderdale v. NFP Ret., Inc., No. 8:21-cv-00301-JVS-KES, 2022 U.S. Dist. LEXIS 214042, at *27 (C.D. Cal. Nov. 17, 2022) ("The rationale is that experts who merely narrate factual events based on the record are not offering their expertise and qualifications to assist a jury in reaching a conclusion, but rather are displacing the jury as the factfinder.") (internal quotations omitted). "The exclusion of relevant, but cumulative, evidence is within the sound exercise of the trial court's discretion." Giron v. SpringBoard Inc., No. CV-17-04280-PHX-DLR, 2019 U.S. Dist. LEXIS

204243, at *3 (D. Ariz. Nov. 25, 2019) (quoting U.S. v. Marabelles, 724 F.2d 1374, 1382 (9th Cir. 1984)).

## II. Bracha's Expert Opinions/Testimony Must be Excluded

As a threshold matter, this Motion is not an indictment on Bracha's qualifications or abilities. Bracha is a law professor/intellectual who is clearly knowledgeable about the subject matter he teaches/writes about. Bracha is not a practicing attorney and is not familiar with the requirements/confines of Fed. R. Evid. 702.[9] Plainly stated, it was not Bracha's responsibility to know whether the subject matter of his report/testimony was proper. Rather, that function was reserved for Defendant's counsel who has been a practicing litigator since 1976 and who presumably should understand the function/requirements of expert testimony.

The law is ***well-settled*** that it is wholly improper for an expert to interpret the law or apply the law to the facts of the case. Indeed, the law is so clear on this point that it is baffling this Motion was necessary in the first place. "[F]ederal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." Pinal Creek Grp. v. Newmont Mining Corp., 352 F.

[9] See Bracha Tr., at 9:16 – 10:15.

Supp. 2d 1037, 1042 (D. Ariz. 2005). "It is well established that experts may not give opinions as to legal conclusions." Collins v. Milliman, Inc., No. 2:22-cv-0061-RAJ, 2023 U.S. Dist. LEXIS 100119, at *11 (W.D. Wash. June 8, 2023); Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."). Similarly, the meaning of statutes and regulations is "a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge." United States v. Caputo, 517 F.3d 935, 942 (7th Cir. 2008); see also Taylor v. Cty. of Pima, No. CV-15-00152-TUC-RM, 2023 U.S. Dist. LEXIS 51815, at *8 (D. Ariz. Mar. 24, 2023) (quoting United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993)) ("'Resolving doubtful questions of law' and instructing the jury on the law are functions within the 'exclusive province of the trial judge.'"). Put another way, "[a]n expert's testimony may not interpret the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case." Arista Networks, Inc. v. Cisco Sys., No. 16-cv-00923-BLF, 2018 U.S. Dist. LEXIS 228820, at *15 (N.D. Cal. June 1, 2018); see also Allstate Ins. Co. v. Thacher, No. CV 08-3326-RSWL (FMOx), 2009 U.S. Dist. LEXIS 134392, at *4 (C.D. Cal. July 28, 2009) ("expert testimony cannot be used to provide legal meaning …; an expert's legal conclusion invades the province of the court."); United States v. Devos Ltd., No. 14-574, 2019 U.S. Dist. LEXIS 9557, at *189 (E.D. Pa. Jan. 17, 2019) ("Under our system of justice,

of course, it is for the Court alone to instruct the jury on the law no matter how august a party's proffered legal expert may be.") (***excluding law professor expert who proffered testimony on legal principles/governing law***); Albee v. Cont'l Tire N. Am., Inc., 780 F. Supp. 2d 1005, 1010 (E.D. Cal. 2011) (quoting Goodman v. Harris County, 571 F.3d 388, 399 (5th Cir. 2009) ("An expert may never render conclusions of law."). "An expert cannot testify as to matters of law, and legal conclusions are not a proper subject of expert testimony." Muccie v. Dailey, No. CV-20-66-BU-BMM, 2022 U.S. Dist. LEXIS 96963, at *3 (D. Mont. May 31, 2022). "'Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them.'"). Id. (quoting S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003)).

As eloquently stated by the Tenth Circuit in Specht v. Jensen:

> A witness cannot be allowed to give an opinion on a question of law…. In order to justify having courts resolve disputes between litigants, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge…. To allow anyone other than the judge to state the law would violate the basic concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.

Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988) (quoting Stoebuck, Opinions on Ultimate Facts: Status, Trends, and a Note of Caution, 41 Den. L. Cent. J. 226, 237 (1964)); see also United States v. Diaz, 876 F.3d 1194, 1197 (9th Cir. 2017) ("The Ninth Circuit has repeatedly affirmed that an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. This prohibition of opinion testimony on an ultimate issue of law recognizes that, 'when an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."); Pinal Creek Grp., 352 F. Supp. 2d at 1043 ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts. Many courts have held that the judge is the sole arbiter of the law and its application to the facts.").

The table of contents and introductory paragraph of the Report plainly demonstrate its impropriety. As set forth therein, the Report does nothing more than provide an overview of the law on copyright misuse (the function of the Court) and then applies that law to the 'facts' (the function of the factfinder). In explaining the law to the Court, the Report cites approximately seventy (70) cases in its overview of what Bracha himself admits is a "developing" area of the law.[10]

[10] See Report, at pp. 8 ("in the developing case law in this area…."); 11 ("This category is at the frontier of

Indeed, while Bracha recognizes that some of this 'developing' case law rejects the copyright misuse doctrine outright, he dons his law professor hat to reject such cases and "offer possible explanations" as to why courts have decided particular cases based on the specific facts before them.[11]

After approximately thirteen (13) pages of explaining the law to the Court, the Report proceeds to "appl[y] copyright misuse law as surveyed above to the facts of this case, on the assumption that the version of the facts as argued in the Complaint is established."[12] There, Bracha merely assumes the truth of the Adler plaintiffs'/counter-defendants' allegations (without regard to the actual veracity thereof) and concludes that, applying the law to such 'facts,' copyright misuse would exist. In other words, the Report essentially reads as a ruling on a nonexistent Rule 12(b)(6) motion – it explains the law, assumes Plaintiffs' allegations to be true, and applies the law to those assumed-true allegations to determine whether Plaintiffs state a claim. Bracha, however, is not a judge and this case is well-past the Rule 12(b)(6) stage.

Bracha's deposition testimony likewise confirms that his expert opinion was limited to "explain[ing] the law of copyright misuse, and then apply[ing] it to

---

the developing case law and decisions are not completely uniform with respect to it.… As the case law is still developing, it offers no clear answer.").

[11] Id. at p. 11.

[12] Id. at p. 15.

the facts as claimed by the plaintiffs in their complaint on the assumption that those facts would be – or a similar fact pattern would be proven to be correct."[13] Throughout his deposition, Bracha confirmed both the purpose and scope of his Report/expert opinion:

> Q. You analyzed the case law that deals with copyright misuse. And that occupies a portion of your expert report, correct?
>
> A. Correct.
>
> Q. You then utilized that case law and applied it to the allegations of the complaint, correct?
>
> A. Correct, assuming those allegations to be true, correct.
>
> Q. And through that application of the law to the facts, you determined that the allegations are sufficient to meet the criteria for copyright misuse, correct?
>
> A. If proven to be true, yes.[14]
>
> ***
>
> Q. You have provided your own analysis and explanation as to what the case law means, correct?
>
> A. Correct.
>
> Q. And then starting on page 15 halfway through the page we have a section that says Copyright Misuse Applied to the Facts Alleged in Plaintiffs' Complaint, correct?

---

[13] See Bracha Tr., at 16:7 – 16:14.

[14] Id. at 21:16 – 22:2.

A. Correct.

Q. And is this the section where you are now applying the case law as you understand it to the allegations of the complaint?

A. Assumed to be true, yes.[15]

***

Q. Okay. And let me just synthesize what I have heard. You, Mr. Bracha, have not familiarized yourself with the actual facts at issue in this case as testified to by any of the plaintiffs, correct?

A. Correct.

Q. You have reviewed the complaint and assumed the facts therein to be true, correct?

A. Correct.[16]

***

Q. Okay. Let me change that then. You analyzed the law as it -- as it applies to copyright misuse, correct?

A. Correct.

Q. I think you looked at a lot of cases, a lot of treatises, law review articles and the like, correct?

A. Correct.

---

15 Id. at 23:24 – 24:9.

16 Id. at 48:22 – 49:4.

> Q. You then applied your understanding of the law as to copyright misuse to the facts as alleged in the complaint by the plaintiffs, correct?
>
> A. Correct.
>
> Q. In doing that application of law to fact, you reached a conclusion that assuming those facts to be true then Mr. Harrington has engaged in copyright misuse based on your understanding of the law, correct?
>
> A. Assuming those facts to be true, I reached the conclusion, yes, that the Court is very likely to find under those facts, assuming to be true that Mr. Harrington has engaged in copyright misuse.
>
> Q. Other than the conclusions reached in your expert report, Mr. Bracha, are there any other expert opinions that you have rendered in connection with this case, so something that's not already described in your expert report?
>
> A. No.[17]

Bracha did not purport to analyze the facts beyond accepting Mr. Squires' clients' allegations as true. He did not engage in surveys, scientific review, or any other category that might be helpful to the jury in evaluating the parties' respective claims. Simply put, his Report and testimony do nothing other than usurp the role of the Court and the jury and, as such, both are improper. As with ***every*** court to examine the issue, Bracha's Report and testimony should be excluded as unequivocally failing to satisfy the requirements of admissibility under Rule 702.

---

[17] Id. at 49:11 – 50:8.

See LD v. United Behavioral Health, No. 20-cv-02254-YGR, 2023 U.S. Dist. LEXIS 62462, at *8 (N.D. Cal. Mar. 31, 2023) (granting motion to exclude law professor's expert report/testimony as "unambiguously legal opinions, are outside of the province of expert testimony permitted by Federal Rule of Evidence 702."); Russell v. Walmart Inc., No. CV 19-5495-MWF (JCx), 2020 U.S. Dist. LEXIS 252882, at *11–12 (C.D. Cal. Oct. 16, 2020) (granting plaintiff motion to exclude testimony of law professor Mark McKenna, "[b]ecause Professor McKenna's proffered opinion on the copyrightability of the Medusa lamp "calls for a legal conclusion, it is an inappropriate matter for expert testimony, and must be excluded") (internal quotations omitted); McGee v. Zurich Am. Ins. Co., No. CV-17-04024-PHX-DGC, 2021 U.S. Dist. LEXIS 244319, at *19 (D. Ariz. Dec. 22, 2021) ("His report includes lengthy quotations from case law, statutes, and jury instructions on bad faith issues. Any such testimony at trial would impermissibly 'invade[] the role of the Court to instruct the jury on the applicable law.'") (quoting Bahra v. Cty. of San Bernardino, No. EDCV-161756 JGB (SPx), 2021 U.S. Dist. LEXIS 170596, at *3 (C.D. Cal. June 24, 2021)).

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) excluding and/or striking Bracha as an expert in this

matter (including, but not limited to, his Report and testimony) and (b) for such other relief as the Court deems proper.

**LOCAL RULE 7.3 CERTIFICATE**

Before filing this Motion, undersigned counsel conferred with counsel for Defendant (Jeffrey L. Squires, Esq.) who indicated that he does not agree to the requested relief.

COPYCAT LEGAL PLLC
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com
sradcliffe@alvesradcliffe.com
dan@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Lauren M. Hausman______
Lauren M. Hausman, Esq.
Scott E. Radcliffe, Esq.
Daniel DeSouza, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman___
Lauren M. Hausman, Esq.