UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08230-HDV(Ex)                                                          Date: January 2, 2024

Title   <u>Blaine Harrington, III v. Deepak Dugar</u>

Present: The Honorable:   Hernán D. Vera, United States District Judge

|  Wendy Hernandez  |  None.  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None. | None. |

**Proceedings:   ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY [DKT. NO. 103]**

     Before the Court is Plaintiff Maureen Harington's Motion to Exclude Expert Report and Testimony of Oren Bracha ("Motion") [Dkt. No. 103]. The Motion is fully and timely briefed. [Dkt. 109.] Having considered the briefing and the applicable law, the Court grants the Motion.

     Plaintiff filed this lawsuit on April 20, 2022, in the District of New Mexico, alleging copyright infringement with respect to the publication of a photograph by Blaine Harrington III on Defendant's website. *See generally* Complaint [Dkt. No. 1]. After the instant case was transferred to the Central District of California [Dkt. No. 21], Defendant filed an Answer and Counterclaim alleging that Plaintiff is a "copyright troll" and seeking, among other remedies, a declaratory judgment that Plaintiff has "misused" his copyright and cannot enforce it. Answer and Counterclaim ("Counterclaim") [Dkt. No. 36] at 5, 6, 10. Five separate copyright cases involving Plaintiff remain pending in the District of New Mexico, including *Adler Medical, LLC v. Harrington*, No. 1:22-CV-072-KG-LG (the "Adler case"). Motion at 3.

     On September 30, 2022, Defense counsel disclosed the Expert Report of Oren Bracha—a law professor—in connection with this case and the five other cases involving Plaintiff, including the Adler case. Motion at 5–6; *see* Opposition ("Opp.") [Dkt. No. 109] at 7 n.5. Defendant offers Professor Bracha to "analyze the case law on copyright misuse in order to conclude whether relevant facts alleged in Plaintiffs' Complaint would, if proven, constitute misuse of copyright that should preclude Defendant from prevailing and recovering any damages on his counterclaim for copyright infringement." Expert Report of Oren Bracha ("Report") [Dkt. No. 103-1, Ex. A] at 2. Professor Bracha's report purportedly (1) "surveys the origin and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08230-HDV(Ex)                                                  Date: January 2, 2024

Title   *Blaine Harrington, III v. Deepak Dugar*

development of copyright misuse doctrine," (2) "analytically explains the various categories of misuse in copyright caselaw," and (3) "applies the law, as explained, to the facts alleged in [Defendant's Counterclaim]." *Id.* Professor Bracha's report concludes that

> applying copyright misuse law, as surveyed and analyzed in Part III, to facts such as alleged …, results is [sic] a strong legal outcome of copyright misuse by [Plaintiff]. This conclusion follows from three recognized grounds of misuse: overclaiming the remedy, using settlements as a business model under circumstances of perpetuating traps for the unwary, and the strongest ground: the conjunction of the two others.

*Id.* at 24.

District courts act as gatekeepers for expert testimony by applying Federal Rule of Evidence 702 to ensure that evidence is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 589 (1993); *accord Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (*Daubert* imposed special "gatekeeping obligation" on trial judge). Plaintiff asks this Court to exercise its gatekeeping function to exclude Professor Bracha from testifying, arguing that "it is wholly improper for an expert to interpret the law or apply the law to the facts of the case." Motion at 6.

The Tenth Circuit considered the issue of legal expert testimony in *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988):

> [A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

*Specht*, 853 F.2d at 809–10.  Courts in this Circuit agree.  *See Jacques v. Bank of Am. Corp.*, No. 1:12-CV-00821-SAB, 2016 WL 4548863, at *12 (E.D. Cal. Aug. 31, 2016) (testimony that directs "the jury's understanding of the legal standards upon which their verdict must be based … cannot be allowed" (citing *Specht*, 853 F.2d at 809–10)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08230-HDV(Ex)                                              Date: January 2, 2024

Title   <u>Blaine Harrington, III v. Deepak Dugar</u>

Applying *Specht* and the Federal Rules of Evidence to the same expert report at issue here, the district court in the Adler case found that Professor Bracha's testimony was inadmissible. *Adler Med., LLC v. Harrington*, No. 1:22-CV-072-KG-LG, 2023 WL 4666440, at *5 (D.N.M. July 20, 2023). Though not bound by that decision, this Court finds it persuasive and agrees that Professor Bracha's testimony is improper for two reasons.

First, the Report "purports to define the law governing misuse of copyright, which is a core claim of this case." *Id.*, at *3; *see* Report at 2–15 (tracing the "origin," and delineating the "categories," of "copyright misuse doctrine"). Such testimony "invades 'the court's authority by discoursing broadly over the entire range of the applicable law.'" *Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 09-CV-140-GPC-KSC, 2014 WL 1286392, at *8 (S.D. Cal. Mar. 28, 2014) (quoting *Specht*, 853 F.2d at 809). "[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation omitted). Defining the law governing copyright misuse is a function that this Court is competent to perform without expert testimony. Because Professor Bracha's proffered testimony comprises, in the main, a comprehensive overview of that doctrine, the Court finds that such testimony is neither appropriate nor helpful.

Second, after describing the contours of the law, the Report *applies* the law as Professor Bracha understands it to the facts alleged by Defendant "to draw a determinative legal conclusion." *Adler*, 2023 WL 4666440, at *3; *see* Report at 15–24. That analysis invades the exclusive province of the jury. *See Andrade v. Am. First Fin., Inc.*, No. 18-CV-06743-SK, 2023 WL 4238480, at *6 (N.D. Cal. June 27, 2023) ("[A]pplying the law as [the witness] describes to the facts of the case … infringes on the province of the jury."); *see also Specht*, 853 F.2d at 808 (expert testimony "which articulates and applies the relevant law ... circumvents the jury's decision-making function by telling it how to decide the case."); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1292–93 (D. Haw. 2007) ("[C]ourts have prohibited expert opinion that applies the law to the facts, as this usurps the role of the jury.") (citing *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 508–11 (2d Cir. 1977)); *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) ("[F]ederal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case."). Because Professor Bracha's Report constitutes testimony on the status of copyright law and how it applies to the facts alleged by Defendant in this case, the Court agrees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08230-HDV(Ex)                                                    Date: January 2, 2024

Title   *Blaine Harrington, III v. Deepak Dugar*

with the *Adler* court and finds that "Mr. Bracha's testimony is an inadmissible legal opinion." *Adler*, 2023 WL 4666440, at *3.

Defendant's primary argument against exclusion is that testimony from a legal professional is not *per se* inadmissible, Opp. at 11–13, and that courts have sometimes allowed "the testimony of lawyers or other legal professionals," Opp. at 13–18. Defendant is correct as a general matter, but the cases Defendant cites stand primarily for the proposition that a lawyer may offer testimony that goes to professional standards or procedures. *See, e.g.*, *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1294 (D. Haw. 2007) (allowing testimony regarding "the standard of care amongst family law practitioners" but excluding "large portions" of expert report involving "legal conclusions and application of the law to the facts"). Indeed, "[a]lthough it is well established that experts may not give opinions as to legal conclusions, experts may testify about industry standards." *King v. GEICO Indem. Co.*, 712 Fed. App'x 649, 651 (9th Cir. 2017). But Professor Bracha's testimony *does* opine on conclusions of law. Defendant's conclusory argument that Professor Bracha's testimony would not "usurp" the functions of judge or jury by offering legal conclusions, *see* Opp. at 10–11, 18 n.9, is belied by the Report itself. There, Professor Bracha purports to survey the law and to "appl[y] the law, as explained, to the facts alleged in [Defendant's Counterclaim]." Report at 2. The Report offers "nothing other than a discussion of the law and an application of the law" and reads "like a legal brief." *Cf. Pinal Creek*, 352 F. Supp. 2d at 1044.

In sum, "[b]ecause Mr. Bracha's report and proposed testimony purport to frame or define the law governing copyright misuse, which supplants the role of the judge, and apply that law to the facts of this case, which intrudes on the responsibilities of the jury, his proposed testimony is hereby deemed inadmissible." *Adler*, 2023 WL 4666440, at *5.

The Court accordingly ***grants*** Plaintiff's Motion.

**IT IS SO ORDERED.**