JEFFREY L. SQUIRES
(NM Bar No. 143015)
SQUIRES LEGAL COUNSEL, LLC
P.O. Box 92845
Albuquerque, NM 87199
Tel: (505) 835-5500
Email: jsquires@squireslegal.com
*Attorney for Defendant*

VINCENT L. RAVINE
(State Bar No. 206432)
KYLE RAMBEAU
(State Bar No. 278549)
17879 Ridgeway Rd.
Granada Hills, CA 91344
Tel: 818 600 8111
Email: vince@vravinelaw.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN HARRINGTON<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK DUGAR, M.D., A MEDICAL CORPORATION<br><br>Defendant | Case No.: 2:22-cv-08230-HDV-E<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND THE LAW** |

Defendant Deepak Dugar, M.D., a Medical Corporation ("Dugar Corp."), by its undersigned counsel, acting in accordance with the Court's September 12, 2023 Scheduling Order [Doc. 99] and L.R. 16-4, submits the following:

I.    The Parties' Claims and Defenses

(a)    <u>Summary Statement of Plaintiff's Claim for Copyright Infringement</u>.

Plaintiff has alleged and is pursuing a claim for copyright infringement pursuant to 17 U.S.C. §101 et. seq. Its claim is based upon Defendant's use of a photograph created by the deceased photographer Blaine Harrington III, registered with the United States Copyright Office, which was posted as part of a blog on Dugar Corp's website in 2020, which Dugar Corp. removed from its website upon being advised by Plaintiff's attorney that its use was infringing.

(b)    <u>Elements Required to Establish Plaintiff's Claim for Infringement</u>. To establish a claim for copyright infringement, Plaintiff must show that

(1)    it is the author of the work--here a photograph--that is the subject of its claim;

(2)    that the photograph has been registered with the Copyright Office;

(3)    that the Defendant had access to the Copyrighted work; and

(4)    that the Defendant copied or displayed the work without the permission of the Copyright owner.

(c) <u>Description of Key Evidence in Opposition to Plaintiff's Claim</u>.

Initially, Dugar Corp. does not dispute that Plaintiff owns a valid copyright in the Subject Photograph, or that the photograph was registered with the Copyright Office, or that it displayed the photograph on its website in 2020 without consent from Mr. Harrington. Rather, it will show that when it did display the photograph, it had no knowledge of Mr. Harrington's ownership; that the office manager selected the photograph from a website that did not identify the photograph as being owned or copyrighted by Mr. Harrington; that the principal of Dugar Corp., Dr. Dugar, relied on the office manager who he was sure understood she should not use copyrighted works on the website; and that under the circumstances he had no reasonable way of knowing of Mr. Harrington's existence, much less his ownership of copyright in the photograph.

Defendant will show that Plaintiff is engaged in the business of pursuing claims to extort unreasonable amounts in settlement for claims of copyright infringement against hundreds of defendants who unwittingly use photographs found on the web without indication of Plaintiff's ownership. Evidence in support of this includes that Plaintiff has over the past five years conducted his business of litigation separate from his occupation as a photographer and has earned over $500,000 from his litigation activities representing most of his income; that he threatened hundreds of such unwitting infringers with suits for copyright infringement, suing those who refuse to settle immediately; that Plaintiff

demands amounts far in excess of the fair value of these claims; that Plaintiff knowingly intends to exact amounts from defendants Plaintiff knows are in excess of the fair settlement value of these claims; that Plaintiff threatens defendants by the use of misleading statements about their likely potential liability, relying on the fear of defendants and their unwillingness or inability to fund the costs of defense of such claims; that the deceased photographer, Blaine Harrington, an extremely sophisticated user of technology relating to photographs, used his knowledge of technology to locate infringers throughout the United States, but took no action to prevent the availability of photographs that bore no evidence of his claim to ownership, in order to pursue and achieve unreasonable and extortionate settlements; and that Plaintiff ran this litigation operation as a business, delegating total authority to his lawyers to determine what to demand and what settlements to accept, without reference to the value of the allegedly infringing uses, and without knowledge of the value of the photographs in question.  In the instant case Plaintiff and her deceased husband testified that they were without knowledge of the value of his photographs for sale or licensing, but authorized the lawyers to make those decisions.

      Defendant will further show, relating to any damages Plaintiff may claim, that Plaintiff has no evidence that she has been damaged; that Defendant has not earned any profit from the use of the photographs; and that its use was innocent of any intention to violate Plaintiff's copyright.

(d) <u>Defendant's Counterclaims and Affirmative Defenses</u>.

Dugar Corp. filed a counterclaim for intentional tort. It has subsequently offered to withdraw that counterclaim, as discussed below.

Defendant has asserted as its principle affirmative defense Mr. Harrington, prior to his death, was engaged in the misuse of copyright, pursuant to which he brought this action.

(e) <u>Elements to Establish Defendant's Affirmative Defense.</u>

In the broadest sense possible the affirmative defense is premised upon Plaintiff's inappropriate use of copyright for purposes not consistent with the purposes of copyright, <u>i.e</u>., the instant lawsuit as part of the course of litigation conduct in which Mr. Harrington had pursued, did not serve the purpose of copyright, <u>i.e</u>., to create works of authorship to benefit the public, but rather his conduct is for the purpose of unfairly enriching himself at the expense of innocent or at least unwitting infringers, in hopes that they will pay amounts far in excess of the reasonable settlement value of plaintiffs claims solely to avoid the cots of litigation they can expect to exceed the value of what they could hope to achieve by defending the claims. Plaintiff in this and all those similar cases exploits these facts, in part by misrepresenting to defendants their realistic potential liability.

(f) <u>Third Parties Affected.</u>

There are no third parties with interest directly implicated in the present case.

(g) <u>Motion in Limine.</u>

Defendant anticipates filing a motion in limine to exclude Plaintiff offering evidence of the licensing value of the photograph at issue in support of her damage claim in this matter, premised upon Plaintiffs' repeated statements during the course of discovery, some of which were under oath, that they had no knowledge of the value of the photograph at issue.

II.   Bifurcation of Issues.

Neither Party has sought to bifurcate any issues at trial.

III.   Jury Trial.

Plaintiff's claim for copyright infringement is triable to a jury as a matter of right, as demanded a jury trial, has also demanded a jury trial applicable to the determination of its affirmative defenses to damages claim.

IV.   Attorney's Fees.

Defendant will seek attorneys fees if it is successful in obtaining a favorable verdict in this case, and may also do so if Plaintiff secures a favorable verdict in an amount less than Defendant has offered in judgment, to which Plaintiff did not respond.

V.   Abandonment of issues.

Defendant has notified Plaintiff that it intends to withdraw its counterclaims for declaratory judgment and intentional tort; and its fourth and fifth affirmative defenses for invalidity/unenforceability of copyright and implied license.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | By: /s/ Jeffrey L. Squires |
| 3 | Jeffrey L. Squires<br>SQUIRES LEGAL COUNSEL, LLC |
| 4 | (NM Bar No. 143015)<br>P.O. Box 92845 |
| 5 | Albuquerque, NM 87199<br>Telephone: (505) 835-5500 |
| 6 | Email: jsquires@squireslegal.com |
Respectfully submitted,

By: /s/ Jeffrey L. Squires
Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
(NM Bar No. 143015)
P.O. Box 92845
Albuquerque, NM 87199
Telephone: (505) 835-5500
Email: jsquires@squireslegal.com

| | |
|---|---|
| 1 | JEFFREY L. SQUIRES |
| 2 | (NM Bar No. 143015) |
|   | SQUIRES LEGAL COUNSEL, LLC |
| 3 | P.O. Box 92845 |
| 4 | Albuquerque, NM 87199 |
|   | Tel: (505) 835-5500 |
| 5 | Email: jsquires@squireslegal.com |
|   | *Attorney for Defendant* |
| 6 | |
| 7 | VINCENT L. RAVINE |
|   | (State Bar No. 206432) |
| 8 | KYLE RAMBEAU |
| 9 | (State Bar No. 278549) |
|   | 17879 Ridgeway Rd. |
| 10 | Granada Hills, CA 91344 |
| 11 | Tel: 818 600 8111 |
|    | Email: vince@vravinelaw.com |
| 12 | *Attorney for Defendant* |

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| MAUREEN HARRINGTON | Case No. 2:22-cv-08230-HDV-E |
|---|---|
| Plaintiff, | |
| v. | |
| DEEPAK DUGAR, M.D., A MEDICAL CORPORATION, | **PROOF OF SERVICE FOR DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND THE LAW** |
| Defendant | |

I hereby certify that on this 13th day of February, 2024, a true and correct copy of Defendant's Memorandum of Contentions of Fact and the Law, along with this Proof of Service, was filed and served via the Court's CM/ECF system to the following counsel of record.

Scott Edward Radcliffe
ALVES RADCLIFFE LLP
2377 Gold Meadow Way
Suite 100
Gold River, CA 95670
916-333-3375
Email: sradcliffe@alvesradcliffe.com

Daniel DeSouza
Lauren Hausman
COPYCAT LEGAL, PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Email:  daniel@copycatlegal.com
        lauren@copycatlegal.com

/s/ Jeffrey L. Squires

PROOF OF SERVICE FOR DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND THE LAW