Lauren M. Hausman, Esq. (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
Maureen Harrington
*as personal representative for the estate of Blaine Harrington III*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN HARRINGTON, *AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF BLAINE HARRINGTON III*, <br><br>          Plaintiff, <br><br> V. <br><br> DEEPAK DUGAR, M.D. a MEDICAL CORPORATION, <br><br> Defendant. | Civil Action No. 2:22-cv-08230-HDV-E <br><br> **PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL LEGAL AUTHORITY REGARDING PRETRIAL CONFERENCE** |

  Plaintiff Maureen Harrington, as Personal Representative for the Estate of Blaine Harrington III ("Plaintiff"), hereby files this supplemental legal authority in advance of the May 7, 2024 pretrial conference, and states as follows:

1. Plaintiff files this notice to bring certain legal authority to the Court's attention regarding which of Defendant's remaining affirmative defenses (i.e., copyright misuse, innocent infringement, and unclean hands) is legal or equitable in nature and therefore appropriate for consideration by the jury/the Court.

2. As the Court knows, "[t]he Constitutional right to a jury trial extends only to 'legal' as opposed to 'equitable' claims." Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., No. CV 02-01087-VAP (CWx), 2008 U.S. Dist. LEXIS 108672, at *13 (C.D. Cal. Jan. 3, 2008) (citing Beacon Theatres Inc. v. Westover, 359 U.S. 500, 510–11(1959)); see also Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001) (noting that although the plaintiff had a jury trial right as to his copyright infringement claims, he did not have a right to a jury on the equitable defense of laches).

3. Here, Defendant's "innocent infringement" defense is legal in nature and therefore should be submitted to the jury. See Clinton v. Adams, No. CV 10-9476 ODW (PLAx), 2012 U.S. Dist. LEXIS 196209, at *15 (C.D. Cal. May 7, 2012) ("Finally, Defendants' lack of willfulness (or 'innocent infringement') is a jury question to be decided at trial."); see also Feltner v. Columbia Pictures Tv, 523 U.S. 340, 355 (1998) ("[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself.").

4. Defendant's unclean hands and copyright misuse defenses, however, are equitable in nature and not entitled to a jury trial. See, e.g., <u>Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.</u>, No. CV 16-0084 FMO (AJWx), 2017 U.S. Dist. LEXIS 169462, at *4 (C.D. Cal. May 12, 2017) ("[T]he parties do not dispute that unclean hands is an equitable defense that is tried by the court."); <u>Learning Tech. Partners v. Univ. of the Incarnate Word</u>, No. 14-cv-4322-PJH, 2016 U.S. Dist. LEXIS 17169, at *6–7 (N.D. Cal. Feb. 11, 2016) ("[B]ecause there is no CACI instruction or Ninth Circuit model instruction on the issue, and because unclean hands is an issue properly decided by the court, the jury will not be given an instruction on unclean hands."); <u>MDY Indus., LLC v. Blizzard Entm't, Inc.</u>, 629 F.3d 928, 941 (9th Cir. 2010) ("Copyright misuse is an equitable defense to copyright infringement."); <u>Rimini St., Inc. v. Oracle Int'l Corp.</u>, No. 2:14-CV-01699-LRH-PAL, 2015 U.S. Dist. LEXIS 89295, at *9 (D. Nev. July 9, 2015) ("The *equitable defense* of copyright misuse 'forbids a copyright holder from securing an exclusive right or limited monopoly not granted by the Copyright Office' by preventing 'copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly.'") (emphasis added) (quoting <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1026 (9th Cir. 2001)).

5.  In Classical Silk, Inc. v. Dolan Grp., Inc., No. CV 14-09224-AB (MRWx), 2016 U.S. Dist. LEXIS 193774 (C.D. Cal. Mar. 21, 2016), the court was confronted with a similar situation where a defendant raised copyright misuse and unclean hands defenses in response to a claim for copyright infringement.

6.  There, the court determined that it was proper to bifurcate the trial between liability/damages (for the jury to decide) and the defendant's equitable defenses (for the court to decide) to avoid unfair prejudice:

> And "while a court may seek the jury's aid as a fact-finding body in a non-jury trial," (Id.) courts routinely bifurcate the legal and equitable issues at trial where the issues are divisible and evidence submitted in support of the equitable issues would be unfairly prejudicial. See, e.g., JIPC Mgmt., Inc. v. Incredible Pizza Co., No. CV 08-04310, 2009 U.S. Dist. LEXIS 133019, 2009 WL 8591607, at *20 (C.D. Cal. July 14, 2009) (bifurcating unclean hands defense from trial on liability because the defense placed "both parties' good or bad faith at issue in ways that are not relevant to a finding of liability for trademark infringement" and "[p]resenting evidence on these issues would pose a risk of prejudice and confuse the jury") (citing Fed. R. Civ. Proc. 42(b) and Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("One favored purpose of bifurcation is to accomplish just what the district court sought to do here-avoiding a difficult question by first dealing with an easier, dispositive issue.")).
>
> Here, Defendants' evidence of Plaintiff's wrongful injection of the designs into foreign markets is irrelevant to the question of willful infringement. Plaintiff's theory of access does not concern foreign markets - to the contrary, Plaintiff contends that Defendants accessed the designs through their dealings with Plaintiff directly.

Defendants thus need not address Plaintiff's intentional injection of the designs into foreign markets to rebut Plaintiff's willful infringement claim, and indeed, such evidence does not appear to be relevant. Rather, Defendants' evidence concerning Plaintiff's injection of the designs in foreign markets is tied only to Defendants' theory of unclean hands and misuse of copyright. And as a result, this evidence is divisible from the other factual issues at trial and need not be presented to the jury even for an advisory verdict. The Court concludes that bifurcation of Defendants' equitable affirmative defenses is appropriate to avoid unfair prejudice to Plaintiff and potentially avoid presentation of evidence on those defenses if the jury finds no liability.

7. Plaintiff brings this legal authority to the Court's attention as it is highly pertinent to how the Court conducts the trial in this matter.

Dated: May 6, 2024.

By: /s/ Lauren Hausman_____
LAUREN HAUSMAN
Attorney for Plaintiff
Maureen Harrington,
*as personal representative for the estate of Blaine Harrington III*

### CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I electronically filed the foregoing document using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren Hausman____
Lauren Hausman, Esq.