UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:22-cv-08230-HDV(Ex)                                          Date: May 14, 2024

Title  *Blaine Harrington, III v. Deepak Dugar*

Present: The Honorable:   Hernán D. Vera, United States District Judge

| Wendy Hernandez | None. |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None. | None. |

**Proceedings:  ORDER RE: MOTIONS IN LIMINE [DKT. NOS. 126, 133, 134]**

      Plaintiff brings this action asserting copyright infringement with respect to the publication of a photograph by Blaine Harrington, III on Defendant's website.  Complaint [Dkt. No. 1].  Before the Court are three motions in limine: Defendant's Motions to Exclude Evidence of Damages [Dkt. No. 126] and Plaintiff Maureen Harrington's Motions to Exclude Evidence [Dkt. No. 133] and References to "Copyright Troll" [Dkt. No. 134].[1]  Having considered the briefs, oral argument, and the applicable law, the Court grants Plaintiff's motions and denies Defendant's motion.

**I.   DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF DAMAGES [DKT. NO. 126]**

      Defendant seeks to exclude evidence of damages based on licensing values of other photographs, arguing they are irrelevant.  [Dkt. No. 126].  Plaintiff opposes, arguing such evidence is relevant to determining the value of a hypothetical license, especially since Mr. Harrington has passed and Plaintiff, his wife, is not professionally qualified to testify on this issue.  [Dkt. No. 147].

      The Court agrees this evidence is relevant.  Courts accept a "hypothetical license theory," "which looks to the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by [the infringer] of the plaintiff's work."  *teamLab Inc. v. Museum of Dream Space, LLC*, 650 F. Supp. 3d 934, 955–56 (C.D. Cal. 2023) (citing *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014)) (citations

---

[1] The motions are fully briefed.  *See* Plaintiff's Opposition [Dkt. No. 147]; Defendant's Opposition [Dkt. No. 145].  The Court heard oral argument on May 7, 2024.  *See* [Dkt. No. 166].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-08230-HDV(Ex)                                   Date: May 14, 2024

Title   _Blaine Harrington, III v. Deepak Dugar_

omitted). In Mr. Harrington's absence, such evidence helps the trier of fact determine the subject photograph's market value.

The Court denies Defendant's request for a blanket exclusion of all evidence of other licenses for damages purposes. It will, however, entertain relevance objections at trial to address specific examples of licenses for photographs and uses that may be meaningfully distinguishable to those presented in this case.

## II.   PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF SETTLEMENT DEMANDS AND OTHER LITIGATION [DKT. NO. 133]

Plaintiff seeks to exclude evidence of her and Mr. Harrington's settlement demands made in this action, as well as evidence of other legal actions, including demand letters, lawsuits, settlements, and/or revenues from other lawsuits.[2] [Dkt. No. 133]. Defendant responds that this evidence is relevant to his copyright misuse defense because it demonstrates Plaintiff's attempts to "coerce" settlements. [Dkt. No. 145]. He further argues it is relevant for the jury to determine statutory damages.

The Court concludes that all of this evidence is irrelevant and unduly prejudicial. The copyright misuse defense prohibits copyright holders from controlling areas beyond their limited copyright. *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) ("The misuse defense prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly."); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1159 (9th Cir. 2011) ("The copyright misuse doctrine does not prohibit using conditions to control use of copyrighted material, but it does prevent copyright holders from using the conditions to stifle competition."). Indeed, "[a] plaintiff's enforcement of its copyrights does not constitute

---

[2] In addition to seeking to exclude references to other legal actions, Plaintiff seeks exclusion of the following exhibits:
  (a) Pre-suit demand letters to other parties (D-2; D-3; D-4; D-5; D-14; D-21; D-53; D-54; D-96);
  (b) Pleadings in other copyright infringement lawsuits by Mr. Harrington, and a PACER list of those lawsuits (D-8; D-9; D-15; D-16; D-17; D-27; D-29; D-33; D-35; D-36; D-37; D-38; D-39; D-40; D-41; D-42; D-47; D-52; D-97);
  (c) Discovery requests and responses in other copyright infringement lawsuits by Mr. Harrington (D-11; D-12; D-13; D-18; D-19; D-24; D-25; D-65; D-102);
  (d) Offers of judgment (D-31; D-111);
  (e) Orders and declarations in other copyright infringement lawsuits (D-43; D-45; D-46; D-48; D-112; D-113; D-114; D-115; D-116; D-117); and
  (f) Settlement agreement and evidence of settlements in other copyright infringement lawsuits by Mr. Harrington (D-34; D-55; D-56). *See* Plaintiff's Motion at 10–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:22-cv-08230-HDV(Ex) | Date: May 14, 2024 |
| Title | *Blaine Harrington, III v. Deepak Dugar* | |

copyright misuse." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 998 (C.D. Cal. 2006).

Plaintiff's efforts to protect his intellectual property are entirely within his rights as a copyright holder. And Plaintiff's reliance on the courts to control unauthorized use of his photographs is not probative of any issue or theory in this case. Plaintiff's motion is granted.

### III. PLAINTIFF'S MOTION TO EXCLUDE REFERENCES TO "COPYRIGHT TROLL" [DKT. NO. 134]

Plaintiff seeks to prohibit Defendant and his counsel from referring to Mr. Harrington and Plaintiff as a "copyright troll", arguing it is prejudicial. [Dkt. No. 134]. Defendant does not oppose. Plaintiff's motion is granted.

### IV. MR. HARRINGTON'S DEPOSITION

In her witness list, Plaintiff identifies the video and transcript from Mr. Harrington's deposition. As discussed at the Final Pretrial Conference, the Court hereby orders Plaintiff to lodge with the Court those portions of the deposition transcript that it intends to use at trial, by no later than May 20, 2024. The transcript should be edited consistent with the rulings in this Order. Defendants shall file any objections to the transcript, citing specific pages and line numbers, by no later than May 23, 2024.

**IT IS SO ORDERED.**