1  Lauren M. Hausman, Esq. (CA Bar No. 349514)
   **COPYCAT LEGAL PLLC**
2  113 N San Vicente Blvd
   Suite 232
3  Beverly Hills, CA 90211
   T: (877) 437-6228
4  E: lauren@copycatlegal.com

5  Attorney for Plaintiff
   Maureen Harrington,
   *as personal representative for the*
   *estate of Blaine Harrington III*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN HARRINGTON, *AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF BLAINE HARRINGTON III*,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK DUGAR, M.D. a MEDICAL CORPORATION,<br><br>Defendant. | Civil Action No. 2:22-cv-08230-HDV-E<br><br>**PLAINTIFF'S MOTION TO STRIKE CERTAIN OF DEFENDANT'S TRIAL EXHIBITS** |

Plaintiff/counter-defendant Maureen Harrington ("Plaintiff"), as personal

representative for the estate of Blaine Harrington III ("Blaine"), hereby files this

1

motion to strike certain of defendant Deepak Dugar, M.D., a Medical Corporation's ("Defendant") amended trial exhibits, and states as follows:

1. On May 14, 2024, the Court entered an Order Re: Motions in Limine [D.E. 168]. That Order granted Plaintiff's Motion to Exclude Evidence of Settlement Demands and Other Litigation [D.E. 133] in its entirety ("The Court concludes that all of this evidence is irrelevant and unduly prejudicial.").

2. In footnote 2 of the Order, the Court identified specific trial exhibits that were being excluded.

3. Following entry of the foregoing Order, Defendant endeavored to revise its trial exhibit list in accordance with the Order.

4. Finally, on May 21, 2024, Defendant's counsel (Jeffrey Squires, Esq.) e-mailed undersigned counsel with an updated/amended trial exhibit list.[1]

5. Defendant's updated/amended trial exhibit list, however, identifies fifteen (15) trial exhibits that were *specifically* excluded by the Court in its Order Re: Motions in Limine: D-2, D-3, D-25, D-37, D-46, D-48, D-104, D-112, D-113, D-116, D-117, D-118, D-119, D-120, and D-121.[2]

6. Believing such to be a mistake and that Defendant's counsel would not purposefully ignore the Court, undersigned counsel notified Mr. Squires of the

---

[1] A true and correct copy of Mr. Squires' May 21, 2024 e-mail, attaching the updated/amended trial exhibit list is attached hereto as Exhibit "A."

[2] D-118, D-119, D-120, and D-121 are documents that were contained within D-25 that Defendant's counsel has now 'pulled out' and made into independent exhibits.

error and asked for confirmation that such exhibits would be dropped from the updated/amended trial exhibit list.[3]

7. Rather than withdraw the exhibits, Mr. Squires doubled down, stating "I believe that each of the exhibits I have listed has a purpose that is not precluded by the Court's ruling" and then goes on to explain his purported reasoning.

8. Mr. Squires' e-mail is, to put it mildly, **shocking**. The Court already excluded each of the above-identified exhibits, yet Mr. Squires somehow believes he can still introduce such exhibits for 'purposes' that he apparently forgot to argue in his memorandum in opposition to Plaintiff's motion in limine and/or at the in-person hearing on the motion.

9. The Court should not tolerate Mr. Squires' willful disregard for the Order Re: Motions in Limine. The trial in this matter commences in seven (7) days, and it is extraordinarily prejudicial to Plaintiff to interrupt trial preparation to re-visit an issue the Court has already squarely addressed.

10. Finally, a brief discussion regarding D-25, D-119, D-120, D-121, and D-122 is warranted.

11. In the parties' February 27, 2024 Joint Trial Exhibit List [D.E. 153], Defendant identified D-25 as:

---

[3] See e-mail chain between undersigned counsel and Mr. Squires, a true and correct copy of which is attached hereto as Exhibit "B."

| | |
|---|---|
| D-25 | Plaintiff's Responses to Defendant's First Request for Production of Documents in <u>Mountain States Agency v. Harrington</u> |

12. Now – three months later and on the eve of trial, Defendant has surreptitiously expanded D-25 as follows:

| | |
|---|---|
| 25 | Blaine Harrington's Responses to Request for Production from Mountain States ==with MS 0001, 0002, 0003 and 0004 attached== |

13. The highlighted text above corresponds to Defendant's **NEW** trial exhibits – D-119, D-120, D-121, and D-122 – **none** of which was identified as a trial exhibit at the time of the Joint Trial Exhibit List.

14. Defendant's timely disclosure of its trial exhibits thus identified only Blaine Harrington's responses to a discovery request in a prior lawsuit whereas its updated/amended trial exhibit list attempts to 'sneak in' four (4) additional exhibits that Defendant did not identify properly in the Joint Trial Exhibit List.

15. Given Defendant's deliberate disregard of the Order Re: Motions in Limine, Plaintiff respectfully requests that the Court enter an Order: (a) striking D-2, D-3, D-25, D-37, D-46, D-48, D-104, D-112, D-113, D-116, D-117, D-118, D-119, D-120, and D-121 from Defendant's updated/amended trial exhibit list and (b) for such further relief as the Court deems proper.

| | |
|---|---|
| Dated: May 22, 2024 | COPYCAT LEGAL PLLC<br>113 North San Vicente Boulevard<br>Suite 232<br>Beverly Hills, CA 90211<br>Telephone: (877) 437-6228<br>lauren@copycatlegal.com<br>sradcliffe@alvesradcliffe.com<br>dan@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Lauren M. Hausman_____<br>        Lauren M. Hausman, Esq.<br>        Scott E. Radcliffe, Esq.<br>        Daniel DeSouza, Esq. |

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman____
Lauren M. Hausman, Esq.