1   Lauren M. Hausman, Esq. (CA Bar No. 349514)
    **COPYCAT LEGAL PLLC**
2   113 N San Vicente Blvd
    Suite 232
    Beverly Hills, CA 90211
3   T: (877) 437-6228
    E: lauren@copycatlegal.com

4   Attorney for Plaintiff
    Maureen Harrington,
5   *as personal representative for the*
    *estate of Blaine Harrington III*

6

            IN THE UNITED STATES DISTRICT COURT
7       FOR THE CENTRAL DISTRICT OF CALIFORNIA

8   MAUREEN HARRINGTON,
    *AS PERSONAL REPRESENTATIVE*
    *FOR THE ESTATE OF BLAINE*
9   *HARRINGTON III*,                    Civil Action No. 2:22-cv-08230-HDV-
                                          E
10                  Plaintiff,

11          v.

12                                        **PLAINTIFF'S RESPONSE TO**
    DEEPAK DUGAR, M.D. a MEDICAL         **DEFENDANT'S OBJECTIONS TO**
    CORPORATION,                          **ADMISSION OF PLAINTIFF'S**
13                                        **TRIAL DEMONSTRATIVES**
                    Defendant.
14

15

16          Plaintiff Maureen Harrington ("Plaintiff"), as personal representative for the

17   estate of Blaine Harrington III ("Blaine"), hereby files this response to defendant

18   Deepak Dugar, M.D., a Medical Corporation's ("Defendant") Objections to

                                          1

Admission of Plaintiff's Trial Demonstratives (the "<u>Objection</u>") [D.E. 172], and states as follows:

1.    The Objection takes issue with fifteen (15) demonstratives that Plaintiff disclosed in accordance with Local Rule 16-3 (which requires disclosure of graphic or illustrative material to be shown to the trier of fact at least eleven days before trial).  According to the Objection, these demonstratives "should not be allowed in evidence."[1]  Defendant seemingly misses the point.

2.    The demonstratives attached to the Objection are not intended to be introduced into evidence at trial.  They are visual aides/demonstratives that may assist/focus the jury in opening/closing statements.

3.    Without citing ***any*** legal authority, the Objection seeks to 'exclude' these demonstratives as attempting to "influence the jury with material that is irrelevant and in some instances intended to improperly manipulate the jury."[2]  Suffice to say, Defendant is incorrect.

4.    "Demonstrative evidence is    physical    evidence    that    has    no independent probative value, but which illustrates or demonstrates a party's testimony or theory of the case."  <u>GCIU-Employer Ret. Fund v. Quad Graphics,</u>

---

[1]    <u>See</u> Objection, at p. 4 ("Accordingly, the Exhibits Plaintiff has described as 'demonstratives' should not be allowed in evidence.").

[2]    <u>Id.</u> at pp. 1 – 2.

Inc., No. 2:16-cv-00100-ODW(AFMx), 2019 U.S. Dist. LEXIS 227501, at *10 (C.D. Cal. Oct. 29, 2019).  "Because demonstrative evidence is simply used as a testimonial aid, it is generally not admitted into the evidentiary record."  Id. (citing Robert E. Jones et al., Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. ¶ 8:641).

5.      Defendant's objections are addressed in turn below.

6.      Defendant first objects to a collage of six (6) photographs created by Mr. Harrington, arguing that it is irrelevant to any issue to be determined in the case.  The subject collage (page 1 of the exhibit) merely demonstrates (in visual form) that, as a travel photographer, Mr. Harrington created photographs across the planet (i.e., one example from Asia, North America, South America, Europe, New Zealand, and Africa).  It is a visual aide for introducing Mr. Harrington's background to the jury during opening statements.

7.      Defendant next objects to a photograph (page 2 of the exhibit) of Plaintiff, Mr. Harrington, and their two children sitting in front of a lake.  Again, the only purpose of this photograph is to introduce the jury to who Plaintiff and Mr. Harrington are in relation to each other during opening statements.

8.      Defendant next objects to a slide (page 3 of the exhibit) demonstrating the photograph at issue in this case (P-2 on the Joint Exhibit List) together with the screenshot of the photograph appearing on Defendant's website (P-3 on the Joint Exhibit List).  Defendant does not identify any particular objection to this slide,

but it is difficult to imagine how such could 'improperly influence' the jury when it simply reproduces the photograph and alleged infringement.

9.      Defendant next objects to a slide (page 4 of the exhibit) containing the names and logos of companies "which Plaintiff may intend to offer as identification of companies with which Mr. Harrington had some prior relationship, which is irrelevant to Plaintiff's claim of copyright infringement."[3] Defendant is correct that the companies identified in this slide are each former clients of Mr. Harrington's photography services.  Defendant is incorrect, however, regarding relevance.   Again, this slide merely illustrates Mr. Harrington's background as a professional photographer and would most likely only be used in opening statements in introducing Mr. Harrington to the jury.

10.     Defendant next objects to a slide (page 5 of the exhibit) which illustrates various awards and accomplishments received by Mr. Harrington during his professional career.  The same discussion regarding page 4 of the exhibit is applicable here.  This slide merely illustrates Mr. Harrington's background as a professional photographer.

11.     Defendant next objects to four (4) slides (pages 6 – 9 of the exhibit) of proposed jury instructions that each emphasize certain portions of proposed instructions.  Defendant argues that these demonstratives are "inappropriate under

---

[3]      Id. at ¶ 5.

any standard,"[4] but seemingly misses the point.  Pages 6 – 9 of the exhibit were disclosed to Defendant in accordance with the timing mandates of Local Rule 16-3.  If the Court does not approve those jury instructions, then pages 6 – 9 of the exhibit will certainly not be shown to the jury.  If the Court does approve those instructions, there is ***nothing*** inappropriate about showing the jury particular instructions during closing arguments in summarizing the evidence they have heard and the standards they must apply in reaching a verdict.

12.     Defendant next objects to a slide (page 10 of the exhibit) that includes allegations and the prayer for relief from Defendant's withdrawn/abandoned Counterclaim.   Here, Defendant presents a litany of arguments that such is irrelevant, hearsay, and intended to improperly influence the jury.  Defendant is incorrect.  Defendant's 'relevance' argument is questionable given that Defendant itself has agreed to Joint Jury Instruction No. 28 ("Copyright—Damages—Statutory Damages") (D.E. 162, at p. 35) which provides, in material part: "A party's conduct and attitude during the litigation are factors that can be considered by the jury in fixing a statutory damages amount.").   Indeed, conduct and attitude during the litigation is one of the six factors provided to the jury in assessing statutory damages.  See P & P Imps. LLC v. Outugo Inc., No. SA CV 18-2029-DOC-DFM, 2019 U.S. Dist. LEXIS 167612, at *17–18 (C.D. Cal. June 7, 2019).

---

[4]        Id. at ¶ 7.

That Defendant sued Mr. Harrington and sought monetary damages for its own conduct in stealing his copyrighted work can absolutely be considered by the jury in determining an appropriate award of statutory damages.

13.     Defendant's suggestion that its own Answer/Counterclaim are 'hearsay' is likewise not well-taken.  A party's own pleading – even one that is withdrawn – is clearly a statement of a party opponent for which Fed. R. Evid. 801(d)(2) applies.  See, e.g., Ilc Trademark Corp. v. Aviator Nation, No. CV 17-7975-MWF (JPRx), 2019 U.S. Dist. LEXIS 240993, at *9 (C.D. Cal. Apr. 16, 2019) (denying motion in limine to exclude plaintiff's original Complaint); State Farm Mut. Auto. Ins. Co. v. Porter, 186 F.2d 834, 840 n.9. (9th Cir. 1950) ("In our judgment it should be presumed, where a pleading is filed by the attorney of the party, that such attorney was acting within his authority, and that the pleading should be regarded as the admission of the party, subject to his right to show that as a matter of fact the pleading was not authorized by him.").

14.     Defendant's own allegations in its own Counterclaim are not meant to improperly influence the jury – they are unequivocally relevant to the jury's consideration of statutory damages and clearly not hearsay.

15.     Defendant next objects to a slide (page 11 of the exhibit) containing Plaintiff's proposed verdict form.  As with the jury instructions discussed above, this slide would only be shown to the jury if the Court approves Plaintiff's

proposed verdict form, and then only during closing statements. It is proper for the same reasons as showing/discussing the jury instructions would be proper.

16.     Defendant next objects to a slide (page 12 of the exhibit) which reproduces a portion of a pre-suit letter from an attorney who represented Defendant and demanded that Mr. Harrington pay Defendant money for Defendant's alleged copyright infringement. Again, Defendant does not describe any particular objection here. But given that the letter appears on both Plaintiff *and* Defendant's updated/amended exhibit list and does nothing more than reproduce specific text therein, it is difficult to imagine how such is somehow improper.

17.     Defendant next objects to a slide (page 13 of the exhibit) which reproduces a portion of P-26 (Defendant's "Terms and Conditions" subpage of its website). This exhibit simply focuses on the copyright disclaimer portions of those terms and conditions rather than the two (2) pages of text that the various terms and conditions otherwise occupy. Again, it is difficult to imagine how a demonstrative that accurately reproduces portions of a trial exhibit is somehow improper to show the jury or how such would otherwise "improperly influence the jury"[5] as asserted by Defendant.

---

[5]     Id. at ¶ 11.

18.     Finally, Defendant objects to two slides (pages 14 and 15 of the exhibit) containing screenshots of various other city/blog pages on Defendant's website that each contain (similar to the photograph at issue here) a photograph associated with the subject city.  As noted in the Objection, each of these (the full city page) appears as an exhibit on the Joint Trial Exhibit List.  Here, Defendant asserts that these demonstratives are irrelevant.  Again, Defendant is wrong.

19.     Defendant's willfulness, recklessness, and/or innocence are absolutely matters that are at issue in this lawsuit.  Each of the city pages at issue was created around the same time and serves a similar purpose – to market Defendant's services to residents of such city.  That Defendant engaged in the same pattern of conduct – scouring the internet to copy/download photographs for each of the city pages while paying no attention to who may own such photographs – is certainly relevant to the aforementioned willfulness/recklessness/innocence issues in this case.  There is nothing improper about a demonstrative that accurately reproduces matter that is already in a trial exhibit.

Dated: May 22, 2024

COPYCAT LEGAL PLLC
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com
sradcliffe@alvesradcliffe.com
dan@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Lauren M. Hausman_____
        Lauren M. Hausman, Esq.
        Scott E. Radcliffe, Esq.
        Daniel DeSouza, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

        /s/ Lauren M. Hausman___
        Lauren M. Hausman, Esq.