IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

MAUREEN HARRINGTON,
*AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF BLAINE HARRINGTON III*,

Plaintiff,

v.

DEEPAK DUGAR, M.D. a MEDICAL CORPORATION,

Defendant.

Civil Action No. 2:22-cv-08230-HDV-E

**DECLARATION OF DANIEL DESOUZA**

Daniel DeSouza does hereby declare pursuant to 28 U.S.C. § 1746:

1. I submit this declaration in support of plaintiff Maureen Harrington's ("Plaintiff"), as personal representative for the estate of Blaine Harrington III ("Blaine"), Motion for Attorneys' Fees Pursuant to 17 U.S.C. § 505 (the "Motion"). This declaration and the facts stated herein are based upon my personal knowledge.

2. I am the principal of the law firm CopyCat Legal PLLC ("CopyCat Legal"), which has provided legal services to Blaine/Plaintiff in this action throughout the pendency of this action.

3. Following his discovery of defendant Deepak Dugar, M.D. a Medical Corporation's ("Defendant") unauthorized use of the photograph at issue in this lawsuit, Blaine retained CopyCat Legal who, on December 31, 2021, sent a pre-suit demand letter to Defendant (which therein contained a settlement demand of $30,000.00).

4. On March 1, 2022, Defendant's then-counsel (Jonathan Paul, Esq.) sent me an e-mail that attached thereto a letter which demanded that Blaine pay Defendant $1.01 to resolve Blaine's claim of infringement.

5. Following receipt of the above-referenced correspondence, Blaine opted to pursue his copyright infringement claim in court.

6. I am a 2004 graduate of the George Washington University Law School.

7. I have been a member in good standing of the New York Bar since 2005, the District of Columbia Bar since 2005, the Florida Bar since 2006, the New Jersey Bar since 2024, and the Pennsylvania Bar since 2024.

8. I am likewise admitted to several federal courts throughout the country, including: (a) the United States Court of Appeals for the Eleventh Circuit; (b) the United States Court of Appeals for the Eighth Circuit; (c) the United States Court of Appeals for the Tenth Circuit; (d) the United States District Court for the Southern District of Florida; (e) the United States District Court for the Middle

District of Florida; (f) the United States District Court for the Northern District of Florida; (g) the United States District Court for the Southern District of Texas; (h) the United States District Court for the Eastern District of Texas; (i) the United States District Court for the Southern District of New York; (j) the United States District Court for the Eastern District of New York; (k) the United States District Court for the Northern District of New York; (l) the United States District Court for the Western District of Arkansas; (m) the United States District Court for the District of Nebraska; (n) the United States District Court for the District of New Mexico; (o) the United States District Court for the District of Colorado; (p) the United States District Court for the Eastern District of Michigan; (q) the United States District Court for the Western District of Michigan; (r) the United States District Court for the Northern District of Illinois; (s) the United States District Court for the District of Maryland; (t) the United States District Court for the Western District of Texas; (u) the United States District Court for the Eastern District of Missouri; (v) the United States District Court for the District of Columbia; (w) the United States District Court for the Western District of Pennsylvania; (x) the United States District Court for the Eastern District of Oklahoma; (y) the United States District Court for the District of New Jersey; and (z) the United States District Court for the Eastern District of Pennsylvania.  I previously worked at Milbank, Tweed, Hadley & McCloy LLP (from 2004 – 2010)

and Becker & Poliakoff, PA (from 2010 – 2014) before forming DeSouza Law, P.A. in 2014 and CopyCat Legal in 2019.

9. Since 2004, my practice has principally focused on business/complex commercial and intellectual property litigation. During that time, I have served as counsel of record in hundreds of copyright infringement, trade secret, and trademark infringement lawsuits. In total, I have served as counsel of record in approximately 500 federal civil and/or bankruptcy actions and 250+ state court lawsuits in Florida/New York.

10. I have likewise served as lead counsel in multiple state and federal jury/non-jury trials.

11. I was primarily assisted on this matter by Lauren Hausman, Esq., an associate attorney employed by CopyCat Legal.

12. Ms. Hausman is a 2021 graduate of Elon University School of Law. She graduated third in her class with *magna cum laude* distinction, served on law review, and is in The Order of Barristers.

13. Further, she has four journal publications; clinical, civil, and criminal experience; and externed for an Article III Federal Judge.

14. She is admitted to the Florida Bar, the California Bar, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the

District of New Mexico, the United States District Court for the Northern District of California, the United States District Court for the Southern District of California, the United States District Court for the Central District of California, the United States District Court for the Eastern District of California, and the United States District Court for the Eastern District of Missouri.

15. CopyCat Legal is a boutique intellectual property law firm with its principal offices in Florida, and its attorneys are skilled litigators with many years of relevant experience.

16. CopyCat Legal establishes standard hourly rates for services provided by its attorneys which are reasonable within the South Florida market.

17. I am familiar with the services provided to Plaintiff in this action and the rates charged for such work.

18. The attorneys and paralegals at CopyCat Legal record the time spent on matters contemporaneously on electronic billing software/time sheets. Each time entry includes the date the work is performed, the client and matter numbers, the time spent, and a brief description of the nature of the work performed.

19. My billable rate for copyright/intellectual property matters at CopyCat Legal is $450.00 per hour, Ms. Hausman's rate is $325.00 per hour, and the rate for paralegals is $125.00 per hour. These rates are below (and in many cases – substantially below) the range charged by other lawyers in copyright cases

in the Central District of California with similar experience/background. See, e.g., Michael Grecco Prods., Inc. v. Aintitcool.Com, No. 2:23-cv-05365-SB-MAR, 2024 U.S. Dist. LEXIS 70764, at *10 (C.D. Cal. Mar. 1, 2024) (in copyright infringement action, finding $595 rate reasonable for 27-year attorney); Russell v. Walmart Inc., No. CV 19-5495-MWF (JCx), 2024 U.S. Dist. LEXIS 15631, at *14 (C.D. Cal. Jan. 2, 2024) (in copyright infringement action, finding rates ranging from $625 – $775 for partner with 23 years of experience to be reasonable); CNC Software, LLC v. Nvo MacHining, LLC, No. 8:22-cv-00089-JLS-ADS, 2023 U.S. Dist. LEXIS 127954, at *18 (C.D. Cal. May 31, 2023) (in copyright infringement action, finding $575 for partner with 23 years of experience to be reasonable); Cinq Music Grp., LLC v. Create Music Grp., Inc., No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599, at *11 (C.D. Cal. Apr. 26, 2023) (in copyright infringement action, finding rates ranging from $695 to $775 for attorney with 19 years of experience and rates ranging from $300 to $350 for attorney with 1 – 2 years of experience to be reasonable); Stross v. NextLuxuryDotCom LLC, No. 2:21-cv-01181-JVS (AFMx), 2022 U.S. Dist. LEXIS 40271, at *10 (C.D. Cal. Feb. 3, 2022) (in copyright infringement action, finding $595 for attorney with 21 years of experience and $350 for attorney with 2 years of experience to be reasonable); Range Road Music, Inc. v E. Coast Foods, Inc., Case No. CV 09-2059-CAS (AGRx), 2010 U.S. Dist. LEXIS 154210, 2010 WL 11596747, at *7–8 (C.D. Cal.

6

1  May 5, 2010) (finding hourly rate of $657 for a partner, $400.50 to $441 for a mid-level associate, and $360 for junior associate reasonable in Los Angeles for a copyright infringement action); <u>Jitrade, Inc. v. Alexia Admor French Designer Grp.</u>, No. CV 18-5009-DMG (SKx), 2019 U.S. Dist. LEXIS 240602, at *10 (C.D. Cal. Sep. 17, 2019) (in copyright action, finding that $500 for partner with 15 years of experience to be reasonable); <u>GraceHouse Grp., LLC v. Moraleja</u>, No. CV 18-268-MWF (AGRx), 2019 U.S. Dist. LEXIS 140391, at *8 (C.D. Cal. May 6, 2019) (in copyright action, finding that $450 for associate with 11 years of experience to be reasonable); <u>WB Music Corp. v. Royce Int'l Broad. Corp.</u>, No. EDCV 16-600 JGB (DTBx), 2018 U.S. Dist. LEXIS 227743, at *14 (C.D. Cal. July 9, 2018) (in copyright infringement action, finding that rates ranging from $742.50 – 778.50 for attorney with nearly 30 years of experience, rates ranging from $567 – $702 for associate with 7 years of experience, and rates ranging from $400.50 – $490 for associate right out of law school to be reasonable).

20.   Further, the hourly rates for both myself, CopyCat Legal's other attorneys (including Ms. Hausman), and for CopyCat Legal's paralegals have previously been found to be reasonable by multiple federal courts.  <u>See, e.g.,</u> <u>Sadowski v. Orion Healthcare Servs., Inc.</u>, No. 21-24475-CV-WILLIAMS, 2023 U.S. Dist. LEXIS 47811, at *2 (S.D. Fla. Mar. 21, 2023) (rejecting report and recommendation that undersigned counsel be awarded fees at $385.00 per hour and

instead finding that $450.00 per hour was reasonable rate for undersigned counsel); Markos v. The Big and Wild Outdoors LLC, No. 8:22-cv-1258-KKM-AEP, 2023 U.S. Dist. LEXIS 32023, at *25 (M.D. Fla. Feb. 24, 2023) (recommending that undersigned counsel be awarded $450.00 per hour as reasonable hourly rate) (report and recommendation adopted at 2023 U.S. Dist. LEXIS 43151); Sadowski v. Diverse New Media Corp, No. 22-61380-CIV, 2023 U.S. Dist. LEXIS 21791, at *20–21 (S.D. Fla. Jan. 13, 2023) ("The Court further finds that $450.00 is a reasonable hourly rate for Plaintiff's counsel (Daniel DeSouza), that $300.00 is a reasonable hourly rate for the junior associate attorney [Lauren Hausman], and that $125.00 is a reasonable hourly rate for the paralegal in this action given the complexity of the matter, the results obtained, and the experience of Plaintiffs' counsel which the Court found to be substantial."); Afford. Aerial Photography, Inc. v. Elegance Transp., Inc., No. 6:21-cv-1166-CEM-LHP, 2022 U.S. Dist. LEXIS 32586, at *29 (M.D. Fla. Feb. 23, 2022) (finding undersigned counsel's $450.00 hourly rate and Ms. Thomas' $125.00 hourly rate to be reasonable in copyright infringement case); Harrington v Vintage Ways, No. 1:22-CV-0971-TWT (N.D. Ga.) ("The Court further finds . . . that $300.00 is a reasonable hourly rate for the junior associate attorney . . . given the complexity of the matter, the results obtained, and the experience of Plaintiffs' counsel which the Court found to be substantial."); Temurian v. Piccolo, No. 18-CV-62737-SMITH/VALLE, 2021

U.S. Dist. LEXIS 63144, at *6 (S.D. Fla. Mar. 30, 2021) (in commercial litigation case, finding undersigned counsel's $400.00 hourly rate reasonable for work performed from 2018 – 2020).

21. Through the present date, I expended 233.4 hours, Ms. Hausman expended 133.0 hours, paralegal Hali Thomas expended 0.5 hours, paralegal Soula Cruz expended 2.3 hours, and paralegal Tia Kelly expended 1.1 hours of time in prosecuting this matter on Plaintiff's behalf. This includes the time spent from drafting an initial notice letter to Defendant through the jury trial/drafting of the Motion. This does not include, however, time spent obtaining *pro hac vice* admission in this matter (approximately 1.4 hours) or intra-office communications between attorneys (which amounted to a substantial amount of time exceeding 30 hours).

22. I personally reviewed each of the billing entries prior to submitting them to the Court to ensure they were reasonable and not excessive, redundant, or otherwise unnecessary. All work reflected in the time records was necessary and justified to obtain a finding of liability with respect to Defendant's infringement, and to address Defendant's affirmative defenses/counterclaim. All of these time entries are reflected in CopyCat Legal's billing records that are being provided in connection herewith as **Exhibit "1."**

23. The necessity of these time entries is particularly true with respect to

preparation for and attendance of trial in this matter. Both Ms. Hausman and I spent several days together from essentially sun-up until 10pm or later working on trial outlines, strategy, legal research, etc. There was no duplication in billing as we each performed different tasks. Further, Ms. Hausman's attendance and participation at trial (even though I conducted the opening/closing and direct/cross examinations) was absolutely necessary as she was most familiar with witness' deposition testimony/the exhibits and likewise provided invaluable input during breaks and/or following conclusion of the day's trial. Had Ms. Hausman not assisted in the manner she did, my ability to serve as 'first chair' at trial would have been seriously hampered.

24. I have calculated the lodestar by multiplying the respective rate for each of the above-referenced timekeepers by the hours expended by such timekeeper. This results in a lodestar of $148,742.50.

25. Notably, CopyCat Legal's hours expended are in line with those expended by Defendant's counsel (and likely substantially less) on this matter. As a result of pending litigation in the District of New Mexico in which Jeffrey Squires, Esq. (Defendant's counsel) is counsel to various parties adverse to Blaine/Plaintiff, Mr. Squires was ordered to produce his monthly invoices for each such case on an ongoing basis (as his clients sought their fees as damages on the counterclaim that is substantially the same across all the cases).

26. The most recent of those invoices (produced on April 30, 2024 and thus prior to the bulk of work in preparing for trial) shows total outstanding billing (with Mr. Squires billing at $475/hr) of $96,163.46 on this matter (with a notation that $1,076.44 was previously paid, thus suggesting total billing of $97.239.90). For the sake of comparison, CopyCat Legal had a total of $63,402.50 in time entries as of April 30, 2024.

27. It is my belief that awarding a contingency multiplier is appropriate here.

28. As set forth above, the rates for CopyCat Legal's attorneys are lower (substantially lower in many cases) than those found to be reasonable by a multitude of courts in the Central District.

29. CopyCat Legal accepted this case on a pure contingency, meaning that Blaine/Plaintiff did not pay *any* fees for the representation in this matter and CopyCat Legal absorbed all costs (taxable and non-taxable) (totaling over $8,000.00).

30. From December 31, 2021 (the date of Blaine's pre-suit infringement notice) through the present, CopyCat Legal has served as counsel in approximately 5,000 copyright infringement actions (both pre-suit and where a lawsuit is filed), yet *only this case* has proceed to trial.

31. Given the amount of time necessary to adequately prepare for trial,

Ms. Hausman and I were unable to work on other matters, had to ask other associates at the firm to take on extra work, and had to institute a pause on the filing of otherwise-viable infringement lawsuits so that the firm was not overwhelmed while Ms. Hausman and I had to dedicate our time to trial prep.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 13, 2024 /s/ Daniel DeSouza____
Daniel DeSouza