JEFFREY L. SQUIRES
(NM Bar No. 143015)
SQUIRES LEGAL COUNSEL, LLC
P.O. Box 92845
Albuquerque, NM 87199
Tel: (505) 835-5500
Email: jsquires@squireslegal.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN HARRINGTON<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK DUGAR, M.D.,<br>A MEDICAL CORPORATION<br><br>Defendant | Case No.: 2:22-cv-08230-HDV-E<br><br>Next Event: August 8, 2024<br>Hearing on Plaintiff's Motion<br>   for Attorney Fees<br><br>Judge Hernan D. Vera<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO TAX COSTS** |

Defendant Deepak Dugar, M.D., a Medical Corporation ("Dugar"), by its undersign counsel, submits its objections to Plaintiff's application to tax costs [Doc. 202]. For reasons shown below, Plaintiff has included costs she seeks to tax to Defendant that are not properly taxable under applicable rules and decisional law.

The taxation of costs in this case is governed by provisions of 28 U.S.C. §1920 and Local Rule 54-3. Unless authorized by the governing statute, as further explicated in the Local Rule, the Court may not exercise discretion regarding tax costs to a losing party. See Brotherhood Mutual Insurance Company v. Vinkov, 2021 U.S. Dist. LEXIS 181481, *3-4 (C.D.Cal. Sept. 22, 2021).

Plaintiff seeks to tax costs to Defendant in the total amount of $6,048.74. In support of her application she has attached six exhibits lettered A through F, consisting of invoices and other explanatory material. Exhibits C, E and F do not support the amounts Plaintiff seeks to recover in those categories of costs to which the exhibits relate.

Exhibit C (Tab 5 on the form Bill of Costs Plaintiff submitted), covers deposition costs, which she claims in the total amount of $3800.50. The receipts she has submitted total $2540.75, and accordingly cannot support the total costs for depositions she is requesting. Even should Plaintiff attempt to show that she has unintentionally failed to supply required supporting material evidencing costs incurred for Dr. Dugar's deposition, she would not be entitled to the amount she is seeking in connection with the depositions of both Mr. and Mrs. Harrington. 28 U.S.C. § 1920(2) allows for the taxation of fees for transcripts "necessarily obtained for use in the case." L.R. 54-3.5(a) allows "the taxation of costs if the deposition transcript is used for any purpose in connection with the case." But these considerations do not justify taxing the full cost of deposition transcripts of Mr. and Mrs. Harrington here.

The depositions of both Mr. and Mrs. Harrington were taken for use in connection with multiple cases in which Mr. Harrington had asserted claims of copyright infringement, and were intended for use in all those cases. Both depositions were actually noticed in the case of <u>Adler Medical et al. v. Harrington</u>,

Case No. 1:22-cv-00072-KG-LF, in the United States District Court for New Mexico. The parties agreed that the depositions were for use in that and other then-pending cases, including the instant case and the related cases of <u>Harrington v. 360 ABQ, LLC</u>, Case No. 1:22-cv-00063-KG-LF; <u>Harrington v. Luxury Home Broker, LLC</u>, Case No. 1:22-cv-00689-KG-LF; <u>Harrington v. Blue Sky Capital, LLC</u>, Case No. 1:22-cv-00534-KG-LF; and <u>Harrington v. Hermosillo & Nunez of New Mexico, LLC</u>, Case No. 1:22-cv-451-KG-LF. It would be inequitable, and inconsistent with the purposes of taxing costs, to impose the total costs incurred by Plaintiff in obtaining the deposition transcripts of Mr. and Mrs. Harrington against just Dugar Corp. in this case. With the depositions intended for use in six different cases, it would be reasonable to tax 1/6 of the total, supported, costs of the deposition transcripts for Mr. and Mrs. Harrington, which would total $423.46 ($2540.75÷6).

Exhibit E (Tab 10(g)) seeks to tax a total of $1067.07 to Defendant. In support of that total Plaintiff submitted a number of receipts for services or products that are not properly taxable, and in a number of instances do not identify the subjects for which costs are sought. The invoices Plaintiff has submitted include one for $228.30 and another for $525 for services rendered by the videographer in recording Mr. Harrington's deposition and editing it for use at trial. Such costs may not be taxed under the governing statute. See L.R. 54-3.5(a). See also <u>Kalitta Air L.L.C. v. Central Texas Airborne System Inc.</u>, 741 F.3d. 955, 958 (9th Cir. 2013).

Plaintiff has also included as part of Exhibit E a number of invoices for otherwise unidentified "manuals," in the total amount of $109.45; for otherwise unidentified copying charges in the total amount of $149.61; for the cost of a three-hole punch in the amount of $22.98; and a variety of FedEx charges, primarily for "machine stapling." None of those charges are properly taxable under the governing standard.

Lastly, in Exhibit F (Tab 12), Plaintiff seeks to tax $1084.02 for what it refers to as demonstrative receipts, including one for $70.63 for unidentified "poster prints" and another for $44.09; and yet another for $966.21 for poster prints. Those are presumably for posters Plaintiff had identified, to which Defendant had objected [Doc. 172], which Plaintiff's counsel displayed (probably improperly) to the jury in his opening statement but did not thereafter seek to offer in evidence. Regardless of the evidentiary status of those posters, Defendant submits that they were of the most marginal relevance possible, if any, to Plaintiff's claim in her case, and that those posters were not "necessarily obtained for use in the case." 28 U.S.C. §1920(4) and L.R. 54-3.10(f).

Defendant's counsel, in accordance with L.R. 54-2.2, represents that he has contacted Plaintiff's counsel in effort to resolve disagreements about the costs Plaintiff has applied to have taxed; that he has discussed each of the objections described herein with Plaintiff's counsel; and that Plaintiff's counsel has indicated he will not alter the bill of costs he has submitted, with the possible exception of a

cost of $22.98 for a three-hole punch, which Plaintiff's counsel seemed to recognize might not be appropriate.

## CONCLUSION

For reasons shown above, and relying on the invoices and supporting material provided by Plaintiff, Plaintiff is entitled to tax no more than $955.61 to Defendant in this matter, consisting of filing fees ($402.00); service fees ($100.00); cost of serving mandatory chambers copies ($30.15); and a 1/6 portion of the documented deposition transcript costs for the depositions of Mr. and Mrs. Harrington.

Respectfully submitted,

By: /s/ Jeffrey L. Squires
Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
(NM Bar No. 143015)
P.O. Box 92845
Albuquerque, NM 87199
Telephone: (505) 835-5500
Email: jsquires@squireslegal.com

|   |   |
|---|---|
| JEFFREY L. SQUIRES<br>(NM Bar No. 143015)<br>SQUIRES LEGAL COUNSEL, LLC<br>P.O. Box 92845<br>Albuquerque, NM 87199<br>Tel: (505) 835-5500<br>Email: jsquires@squireslegal.com<br>*Attorney for Defendant* | |

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN HARRINGTON<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK DUGAR, M.D.,<br>A MEDICAL CORPORATION,<br><br>Defendant | Case No. 2:22-cv-08230-HDV-E<br><br>Next Event:<br>Hearing on Plaintiff's Motion<br>For Attorney Fees<br><br>August 8, 2024<br>Judge Hernan D. Vera<br><br>**PROOF OF SERVICE FOR DEFENDANT'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO TAX COSTS** |

I hereby certify that on this 24th day of June, 2024, a true and correct copy of Defendant's Objections to Plaintiff's Application to Tax Costs, along with this Proof of Service, was filed and served via the Court's CM/ECF system to the following counsel of record.

Scott Edward Radcliffe
ALVES RADCLIFFE LLP
2377 Gold Meadow Way
Suite 100
Gold River, CA 95670
916-333-3375
Email: sradcliffe@alvesradcliffe.com

| | |
|---|---|
| 1 | Daniel DeSouza |
| 2 | Lauren Hausman<br>COPYCAT LEGAL, PLLC |
| 3 | 3111 N. University Drive<br>Suite 301 |
| 4 | Coral Springs, FL 33065 |
| 5 | Telephone:  (877) 437-6228<br>Email:  daniel@copycatlegal.com |
| 6 | lauren@copycatlegal.com |
| 7 | |
| 8 | */s/ Jeffrey L. Squires* |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PROOF OF SERVICE FOR DEFENDANT'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO TAX COSTS**