UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAUREEN HARRINGTON,

        Plaintiff,

v.

DEEPAK DUGAR, M.D., a medical corporation,

        Defendant.

Case No. 2:22-cv-08230-HDV-E

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [DKT. NO. 201]**

1

## I. INTRODUCTION

Plaintiff Maureen Harrington, as personal representative of the estate of Blaine Harrington, III, obtained a jury verdict and judgment in her favor against Defendant Deepak Dugar, M.D., a medical corporation. Judgment [Dkt. No. 200]. She now moves for attorneys' fees under the Copyright Act. Plaintiff's Motion for Attorney's Fees ("Motion") [Dkt. No. 201].

Upon weighing the relevant factors, and in the broad exercise of its discretion, the Court concludes that an award of attorneys' fees under 17 U.S.C. § 505 is appropriate. Plaintiff was the prevailing party, succeeded in her copyright infringement claim, and was forced to respond to frivolous defenses and counterclaims up through the eve of trial. For the reasons discussed below, the Court grants the Motion and awards Plaintiff attorneys' fees in the amount of $193,032.50.

## II. BACKGROUND

Blaine Harrington, III, was a professional photographer who created a photograph of the skyline of downtown Albuquerque titled "20121008_NM-TEX_2051" (the "Work") in 2012. Final Pretrial Conference Order at 2. He registered a copyright for the Work with the U.S. Copyright Office on March 5, 2013, and it was assigned Registration No. VAu 1-132-209. *Id.* at 3. Following Mr. Harrington's death in January 2023, Mr. Harrington's estate, administered by Plaintiff, has owned the Work. *Id.*

Mr. Harrington filed suit asserting Defendant infringed his copyright of the Work by displaying it on his website from 2020 to 2022. *Id.* at 4. In its defense, Defendant claimed copyright misuse, innocent intent, unclean hands, invalidity or unenforceability of copyright, and implied license. Answer [Dkt. No. 36] at 5. The case proceeded to a three-day jury trial in May 2024, after which the jury found that Defendant infringed on Plaintiff's copyright of the Work. Minutes of Jury Trial [Dkt. Nos. 184–86]. The jury awarded Plaintiff $10,000 in statutory damages for the infringement. Verdict [Dkt. No. 195]. On June 6, 2024, the Court issued the Judgment, adopting the jury's verdict.

Plaintiff moves for attorneys' fees and costs under 17 U.S.C. § 505, in the amount of $193,032.50.[1]  Motion; *see also* Defendant's Opposition ("Opp.") [Dkt. No. 216]; Plaintiff's Reply [Dkt. No. 218]; Plaintiff's Notice of Filing Additional Time Entries [Dkt. No. 222].

### III.    LEGAL STANDARD

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States," including "a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Such fees "are to be awarded to prevailing parties only as a matter of the court's discretion."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

### IV.    DISCUSSION

#### A.    Awarding Attorneys' Fees

The Copyright Act authorizes an award of attorneys' fees to a "prevailing party."  17 U.S.C. § 505.  After a three-day jury trial, Plaintiff obtained a jury verdict of $10,000 in statutory damages for her copyright infringement claim against Defendant.  There can be no dispute that Plaintiff was the prevailing party in this action.[2]

When determining whether to award fees to a prevailing party in a copyright case, courts are given "wide latitude."  *Entertainment Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997).  To do so, courts consider "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence."  *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006); *see also Fogerty*, 510 U.S. at 518 ("While there is no precise rule or formula for making fee determinations under § 505, equitable discretion should be exercised 'in light of the considerations [the Supreme Court] has identified.'").  These factors must be viewed "in light of the Copyright Act's essential goals," which balances

---

[1] The Court heard oral argument on August 8, 2024, and took the matter under submission.  [Dkt. No. 224].

[2] Defendant concedes that Plaintiff is the prevailing party.  *See* Opp. at 1, 14.

3

"encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204–5 (2016); *see also Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) ("The touchstone of the decision to award attorneys' fees is whether the success[ ] [of the prevailing party], and the circumstances surrounding it, further the Copyright Act's 'essential goals.'" (citation omitted)).

### 1. Degree of Success

Defendant contends that Plaintiff obtained a limited degree of success because the jury did not find that Defendant's conduct was willful and because the damages award was lower than Plaintiff's prior requests. Opp. at 10–12. Nevertheless, Plaintiff established Defendant's liability and succeeded in obtaining a jury award in her favor. *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1038 (9th Cir. 2018) ("Actual success in an infringement action involves establishing the defendant's liability." (citation omitted)); *Wall Data*, 447 F.3d at 787 (affirming an award of plaintiff's attorneys' fees where the district court found plaintiff prevailed "even though [its] ultimate recovery was less than that which it originally sought."). This factor favors awarding fees.

### 2. Frivolousness and Objective Unreasonableness

Next, the Court considers the second and fourth factors—frivolousness and reasonableness of the losing party's arguments. The fourth factor is given "substantial weight." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (citing *Kirtsaeng*, 579 U.S. at 209). In analyzing this factor, "a legal argument that loses is not necessarily unreasonable." *Id.* Instead, a losing party's argument is objectively unreasonable where the party "should have known from the outset that its chances of success in this case were slim to none." *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

At the outset, Defendant asserted the defenses of (1) copyright misuse, (2) innocent intent, (3) unclean hands, (4) invalidity or unenforceability of copyright, and (5) implied license. Answer at 5. It also asserted counterclaims for copyright misuse and intentional tort. *Id.* at 10. Plaintiff contends Defendant's arguments were objectively unreasonable because it could not dispute the two elements of a copyright infringement claim and could not support its defenses and counterclaims. Motion at 7–11. Defendant admits it "withdrew its counterclaim and several affirmative defenses

before trial **in acknowledgement that they could not be supported**." Opp. at 12 (emphasis added).

The Court concludes that Defendant's legal defenses and counterclaims were indefensible and therefore objectively unreasonable. Defendant ultimately recognized as much and withdrew its counterclaims and fourth and fifth defenses. But it waited until the last minute to do so, on the deadline for filing trial documents. *See* Joint Stipulation to Dismiss [Dkt. No. 129] (filed February 13, 2024); September 12, 2023 Order Setting Pretrial and Trial Schedule [Dkt. No. 99] (setting a deadline of February 13, 2024 for motions in limine, witness lists, exhibit lists, and other trial filings). Defendant provides no justification for why the counterclaims were not dismissed earlier. To the contrary, its thirteen-month pursuit of these frivolous defenses and counterclaims—pled without any evidence whatsoever—was not reasonable.

Defendant further argues it advanced its copyright misuse defense based on its expert's report but contends that the Court's May 24, 2024 evidentiary ruling "complicated [its] ability to prove its defenses." Opp. at 13. Defendant, however, misrepresents the relevant timeline. The Court excluded Defendant's expert report and testimony on January 2, 2024, *over five months before* the trial began. *See* Order Granting Plaintiff's Motion to Exclude Expert Report and Testimony [Dkt. No. 125].[3]

To further support its copyright misuse defense, Defendant sought to introduce evidence of Plaintiff's other legal actions, including demand letters and a list of other copyright infringement lawsuits filed by Mr. Harrington. *See* Plaintiff's Motion to Exclude Evidence [Dkt. No. 133]. This Court found such evidence to be irrelevant and unduly prejudicial, relying on Ninth Circuit precedent defining the copyright misuse defense. *See* Order Re: Motions in Limine at 2 [Dkt. No. 168].[4] Little to no evidence remained, yet Defendant persisted in claiming its copyright misuse

---

[3] The same expert report was excluded in a separate case involving Plaintiff in the District of New Mexico. *See Adler Med., LLC v. Harrington*, No. 1:22-CV-072-KG-LG, 2023 WL 4666440 (D.N.M. July 20, 2023). Although district courts operating in different appellate circuits can reasonably differ, the Court notes that Defendant was already aware of a legal basis for excluding the report when it sought to raise it in this action.

[4] The Court referenced *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) ("The misuse defense prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly."), and *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1159 (9th

defense at trial. Without evidentiary support, Defendant's insistence on pursuing this frivolous defense strongly supports an award of fees.

### 3. Motivation

Plaintiff's motivation for pursuing this action is hotly contested by the parties. Plaintiff contends Mr. Harrington filed this lawsuit merely to enforce his rights under the Copyright Act. Motion at 12. Defendant paints a different picture, arguing that Plaintiff was improperly motivated to bring this action to "coerce" a settlement that exceeded her actual damages, and that the recovery of attorneys' fees is her "primary objective." Opp. at 14.

To evaluate a plaintiff's motivation, courts consider the manner in which the plaintiff conducted the litigation. *See, e.g., Shame On You Prods.*, 893 F.3d at 668 (9th Cir. 2018) (affirming the district court's award of defendant's attorneys' fees where the plaintiff's failure to meet and confer before filing motions "raise[d] an inference that its primary motivation was . . . draining Defendants' resources in order to force a settlement"). Here, the parties quarrel over what weight the Court should give to the parties' settlement discussions. *See* Opp. at 14–17; Reply at 5–7. Specifically, Defendant argues Plaintiff ignored its offers of judgment, made excessive and unreasonable settlement demands, and refused to negotiate. Opp. at 15. But the parties' settlement discussions show no discernable pattern from which the Court can infer any bad faith on Plaintiff's part. *Cf. Star Fabrics, Inc. v. Millenium Clothing, Inc.*, No. 2:14-CV-00826-SVW-SS, 2015 WL 12656947, at *3 (C.D. Cal. Mar. 31, 2015) (noting that after the plaintiff reduced its settlement demand by $13,500, the defendant increased its offer by only $1,750, and describing the defendant as "stubborn" where it still did not increase its offer further when the parties were within $1,000 of settling the case). A party's willingness to accept or reject a settlement offer is entirely their prerogative, and the Court sees no bad faith in either party's litigation or settlement conduct. Since there is no indication that Plaintiff was improperly motivated in pursuing this action, this factor weighs in favor of awarding fees.

---

Cir. 2011) ("The copyright misuse doctrine does not prohibit using conditions to control use of copyrighted material, but it does prevent copyright holders from using the conditions to stifle competition.").

6

### 4. Compensation and Deterrence

Finally, considerations of compensation and deterrence support an award of attorneys' fees in this case. General deterrence is served by awarding fees against a party who pursued an objectively unreasonable claim. *Shame On You Prods.*, 893 F.3d at 668. And an attorneys' fee award in this instance promotes the Copyright Act's purpose of protecting creative works, because Plaintiff was awarded damages for advancing her rights under the Act. *Kirtsaeng*, 579 U.S. at 204–5.

### 5. Balancing the Factors

In summary, Plaintiff prevailed in this action. Defendant's legal arguments were unreasonable, and similar conduct and arguments should be deterred. Moreover, awarding fees in this case furthers the goals of the Copyright Act. Balancing these factors, the Court concludes that an award of attorneys' fees under 17 U.S.C. § 505 is appropriate.

## B. Calculation of Attorneys' Fees

Determining the amount of an attorneys' fee award begins by calculating the "lodestar." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). To do so, courts multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). District courts may rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff requests recovery of fees for 379.9 hours of work by two attorneys and three paralegals.[5] Motion at 21; Plaintiff's Notice of Filing Additional Time Entries. In support of this number, Plaintiff furnishes billing records reflecting 243 hours expended by Mr. DeSouza, 133 hours by Ms. Hausman, 0.5 hours by Ms. Thomas, 2.3 hours by Ms. Cruz, and 1.1 hours by Ms. Kelly. Declaration of Daniel DeSouza ("DeSouza Decl.") ¶¶ 21–23 [Dkt. No. 201-1], Exhibit 1 [Dkt. No. 201-2]; Declaration of Daniel DeSouza [Dkt. No. 222-1], Exhibit 1. Considering this case

---

[5] Fees for support staff such as paralegals may be awarded. *See Jones v. Corbis Corp.*, No. CV 10-8668-SVW CWX, 2011 WL 4526084, at *4–5 (C.D. Cal. Aug. 24, 2011), *aff'd*, 489 F. App'x 155 (9th Cir. 2012).

concluded in a jury trial and verdict, the Court finds that the total of 370.3 hours was reasonable.

After setting the reasonable number of hours, courts determine the hourly rate that is reasonable "considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987). This rate is determined using the prevailing market rates where the district court is located. *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (citations omitted).[6] Plaintiff asks the Court to set an hourly rate of $600 and $350 for attorneys Mr. DeSouza and Ms. Hausman, respectively, and $175 for paralegals Ms. Thomas, Ms. Cruz, and Ms. Kelly. Motion at 21. The Court finds these rates reasonable given the years of experience and qualifications of counsel and the paralegals. *See* DeSouza Decl. ¶¶ 6–14, 19.

Multiplying the 379.9 hours reasonably spent by the reasonable hourly rate for each attorney and paralegal in the Los Angeles area, the Court calculates the lodestar as follows:

| Attorney or Paralegal | Hourly Rate | Hours Billed | Total (Hourly Rate x Hours Billed) |
|---|---|---|---|
| DeSouza | $600.00 | 243 | $145,800.00 |
| Hausman | $350.00 | 133 | $46,550.00 |
| Thomas | $175.00 | 0.5 | $87.50 |
| Cruz | $175.00 | 2.3 | $402.50 |
| Kelly | $175.00 | 1.1 | $192.50 |
| TOTAL | | | $193,032.50 |

The Court awards Plaintiff $193,032.50 for attorneys' fees.[7]

---

[6] When a lawsuit—such as this one—was initially filed in another venue and later transferred, a court need not base the reasonable hourly rate on the fees in the initial district. *Schwarz*, 73 F.3d at 907.

[7] Plaintiff argues that the Court should apply a 1.5 to 2.0 multiplier to counsel's rates in South Florida, where Plaintiff's counsel is based, since counsel accepted this case on a pure contingency. Motion at 24–27. The Court finds that a contingency multiplier is not appropriate in this case.

## V. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion for Attorneys' Fees.

Dated: August 27, 2024

_____
Hernán D. Vera
United States District Judge